■ In the Matter of HARRY POLCHE, Respondent, v ROBERT J. McGUIRE, as Police Commissioner of the City of New York, et al., Appellants. — Order, Supreme Court, New York County (M. A. Gomez, J.), entered January 29, 1982, granting petition to extent of directing a trial on the issue of causation, and directing respondents to pay the outstanding bills of Irving Glass, M.D., and all future medical treatments by Dr. Glass referrable to the injury until the issue of causation is finally determined, is reversed, on the law, without costs, and the petition is dismissed. The determination of the Board of Trustees of the Police Pension Fund to deny petitioner accident disability retirement based upon the recommendation of the medical board, was not arbitrary or capricious. The medical board's recommendation and study of the matter, and the history of the case, sufficiently supported the determination that petitioner's disability was not caused by his line-of-duty injury in 1948. The issue of causation is a matter confided to the Board of Trustees of the Police Pension Fund and is not a matter for the courts to determine. The court's role is limited only to determining whether the trustees' determination was arbitrary or capricious. As the obligation of the city to pay for medical expenses of an officer extends only to treatment for injuries incurred in the discharge of duty (Administrative Code of City of New York, § B49-10.0), there

was no obligation on the part of the city to pay a physician for services rendered in connection with a condition which the medical board and the Board of Trustees of the Police Pension Fund have determined not to be incurred in the discharge of duty. Concur — Silverman, Bloom, Milonas and Kassal, JJ.

Kupferman, J. P., dissents in a memorandum as follows: I would modify to remand to the Board of Trustees for reasons stated by Gomez, J. at Special Term.