OPINION OF THE COURT
Jasen, J.
In this CPLR article 78 proceeding, petitioner seeks annulment of respondent’s determination denying petitioner accidental disability retirement benefits. The issue presented is whether the police board of trustees acted properly in refusing to accept the medical board’s recommendation that petitioner was entitled to an accidental disability pension and, instead, granting .him only an ordinary disability pension.
Petitioner, a member of the New York City Police Department since 1963, was involved in a collision on December 7, 1971, while a passenger in a police car. He was treated at Coney Island Hospital for contusions of the upper back and released. He remained on sick report until December 18, 1971, after which he returned to full duty. On April 10,1979, petitioner applied for accidental disability retirement as a result of the 1971 accident. In May, 1979, the police medical board recommended a complete denial of petitioner’s request. The medical board concluded *350 that “[t]he degenerative changes noted in the films are apparently due to progressive wear and tear as is frequently seen even without accident.” In reconsideration, the medical board altered its position, and in October, 1979 recommended that petitioner be granted a non-line-of-duty disability retirement pension. However, the board of trustees remitted the matter to the medical board to consider the fact that, before petitioner’s accident, in May, 1971, petitioner claimed that he was suffering from pains in his neck. In May, 1980, the medical board recommended that accidental disability benefits be awarded.
The board of trustees rejected the last recommendation and, instead, made a determination that petitioner was only entitled to ordinary disability retirement benefits. In making this determination, the board of trustees considered petitioner’s past medical history, as well as the opinion of the chief surgeon of the police department, Dr. Clarence Robinson, who is also its medical advisor. The chief surgeon reviewed petitioner’s application and noted that petitioner’s accident could not have been serious since he was not hospitalized thereafter; that, after the accident, he remained on sick report for 11 days; and thereafter worked his full assignment for the next five years, except for short periods of illness unrelated to the accident. The chief surgeon was of the opinion that the petitioner’s present complaints and symptoms were not related to the accident which occurred in 1971 and concluded that the findings of the medical board of a narrowing of petitioner’s cervical spine since 1973 was more consistent with arthritis than the accident.
Following the board of trustees’ determination, this article 78 proceeding was commenced. Special Term vacated the board of trustees’ determination and directed the board to grant the petitioner accidental disability retirement, holding that there was no rational basis for its determination.
The Appellate Division unanimously reversed, on the law and the facts, vacated the judgment, denied petitioner’s application, dismissed the petition and reinstated respondent’s determination, stating, inter alia, that the determination was not arbitrary and capricious and is based *351 on credible evidence. The court held that a clear difference of medical opinion existed as to the cause of petitioner’s disability and that there could really be no doubt that the trustees’ determination was based on credible evidence, as shown by petitioner’s work history, the opinions of the medical experts employed by the city and by the analyses performed by both the medical board and the trustees. The court then reiterated the rule that “the court cannot direct * * * trustees to accept * * * [the medical board’s] finding [of causation] unless that finding is uncontestably correct and there is no room for reasonable difference of opinion” (Matter of City of New York v Schoeck, 294 NY 559, 569) and reinstated the determination of the board of trustees. We agree.
Administration of the New York City police pension fund is regulated by chapter 18 of the Administrative Code of the City of New York. The code requires the board of trustees to retire any applicant found by the medical board to be physically or mentally incapacitated for the performance of city service as a natural and proximate result of a service-related accident. (Administrative Code, § B1843.0.) While the board is, therefore, bound by the medical board’s determination of disability, it is not bound by the medical board’s determination that said disability resulted from a service-related accident. The function and duty of determining the “circumstances” of the disqualification and of determining the amount of the allowance as provided by the code is conferred upon the board of trustees. (See Matter of City of New York v Schoeck, supra, at pp 566, 567-568; Matter of Bennett v Board of Trustees, 20 AD2d 522, affd 16 NY2d 562.) Ordinarily, the decision of the board of trustees as to the cause of an officer’s disability will not be disturbed unless its factual findings are not supported by substantial evidence or its final determination and ruling is arbitrary and capricious. (See Matter of Fiore v Board of Educ., 48 AD2d 850, affd 39 NY2d 1016; Matter of Drayson v Board of Trustees, 37 AD2d 378, 380, affd 32 NY2d 852.)
Where, as in the present instance, however, the decision of the board of trustees to deny accidental disability benefits but to grant ordinary disability benefits is reached in *352 consequence of 6 to 6 tie votes, the standard of judicial review is necessarily different. There has been no factual determination by the board to be subjected to review under the normal substantial evidence standard. Rather, the disposition has been based on a procedural practice, first condoned in Matter of City of New York v Schoeck (294 NY 559, supra) and since 1945 observed, if not honored, by continuous use and general acceptance.
Inasmuch as the fact of disability is not in dispute (the finding of disability by the medical board being binding on the board of trustees [Administrative Code, §§ B18-42.0, B 18-43.0]), the retired member is entitled at least to ordinary retirement benefits. (Matter of City of New York v Schoeck, 294 NY 559, supra.) The denial of accidental disability benefits in consequence of the tie vote can be set aside on judicial review only if the courts conclude that the retiree is entitled to the greater benefits as a matter of law. Unless it can be determined as a matter of law on the record that the disability was the natural and proximate result of a service-related accident, the decision of the board of trustees denying accidental disability benefits as a consequence of a tie vote must stand.
On examination of the record in this case, it cannot be concluded that petitioner was entitled to accidental disability benefits as a matter of law.
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Cooke and Judges Jones, Wachtler, Meyer, Simons and Kaye concur.
Order affirmed, with costs.