OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and the matter remitted to Supreme Court, New York County, with directions to remand to respondent Board for reconsideration in accordance with this memorandum.
On August 13, 1979, petitioner, a New York City Police officer, suffered a line of duty injury when he fell while investigating a fire. At the direction of the police department, petitioner was examined by the department’s orthopedic consultant on February 4, 1980. This consultant stated: “My impression is that Mr. Meyer has ankylosing spondylitis related to his Crohns Disease which became clinically active after sustaining his injury.” On March 3, 1980, petitioner applied for an accident disability retirement, pursuant to the Administrative Code of *1154 the City of New York § B18-43.0, claiming that the injuries sustained in the fall had permanently incapacitated him. The Medical Board of the Police Pension Fund recommended to the Board of Trustees that petitioner be retired with an ordinary disability, instead of an accident disability, because he was unable to perform his police duties “due to the ankylosing spondylitis which is unrelated to the line of duty injury and was pre-existing”. Petitioner’s own physician, however, stated in a letter dated June 18, 1980 that, since the accident, petitioner had been complaining of pain and stiffness in the cervical spine region, and that “this condition is related and connected to the injury he sustained on 8/13/79”.
At the Board of Trustees’ meeting, Dr. Robinson, a member of the Board of Trustees and the supervising chief surgeon of the police department, stated that he regarded as reasonable the Medical Board’s determination that petitioner had “a condition of the spine which is known to be disabling and which has no relationship to any injury of any sort”. When pressed by other members of the Board of Trustees as to whether the accident could have acted as a catalyst for the disability, Dr. Robinson replied: “The question of whether the injury accelerated it, I don’t think it is that important”. On a tie vote of 6 to 6, the Board of Trustees confirmed the Medical Board’s determination and retired petitioner with an ordinary disability pension.
Petitioner then commenced the present proceeding, and Supreme Court, in the interests of justice, annulled the agency determination and remanded to the Board of Trustees for a fact-finding hearing. The Appellate Division reversed, vacated the judgment in petitioner’s favor, dismissed the petition and reinstated the Board of Trustees’ determination.
In Matter of Tobin v Steisel (64 NY2d 254), this court held applicable to accident disability determinations the causation rule of tort law “that an accident which produces injury by precipitating the development of a latent condition or by aggravating a preexisting condition is a cause of that injury” (id., at p 259). Inasmuch as the agency determination in this case was prior to our decision in Tobin, and in light of the conflicting views in the record as to the cause of petitioner’s disabling condition and the apparent failure of the Board of Trustees to address whether the injury precipitated the development of a latent condition or aggravated a preexisting condition, we reverse the order of the Appellate Division and remit the matter to Special Term with directions to vacate the agency determination and to remand the matter to the Board of Trustees for *1155 reconsideration in accordance with Matter of Tobin v Steisel (supra).
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye anc^ Alexander concur in memorandum.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, etc.