Philip **MANFRA**, Plaintiff,

v.

Edward I. **KOCH**, Mayor of the City of New York; Harrison Goldin, Comptroller, City of New York; Benjamin Ward, Police Commissioner, New York and Chairman of the Police Pension Fund, Article II; Medical Board Police Pension Fund, Article II, Director of Personnel, City of New York, Defendants.

No. 87 Civ. 3261 (EW).

United States District Court,
S.D. New York.

Aug. 26, 1987.

---

John P. Rudden, New York City, for plaintiff.

Peter L. Zimroth, Corp. Counsel of the City of New York, New York City, Neal J. McNamara, Asst. Corp. Counsel, of counsel, for defendants.

## OPINION

EDWARD WEINFELD, District Judge.

This is an action by a retired New York City police officer brought under 42 U.S.C. §§ 1983 and 1985 based upon the denial of an accident disability retirement pension. Defendants move to dismiss the action on the ground that it is barred by the doctrine of res judicata. Plaintiff cross moves for summary judgment.

## BACKGROUND

On December 18, 1981, plaintiff was injured in the line of duty in an automobile accident involving a stolen car, as a result of which he suffered numerous fractures and internal injuries. Although plaintiff claims he suffered lingering psychological problems which were diagnosed as "post traumatic stress disorder," he continued to work as a police officer and was injured in the line of duty twice more, once in 1983 when he was thrown from a horse and again in 1985 when he was injured while subduing a prisoner.[1]

---

1. See Verified Petition at paras. 5–8, 12 *Manfra v. Board of Trustees, Police Pension Fund*, No. 544/86, (N.Y.Sup.Ct. Jan. 7, 1986).

In 1985, motivated by the condition of plaintiff's mental health, the police commissioner and the plaintiff both submitted applications to the Police Medical Board that plaintiff be retired on an "accident disability" pension, which pays 75% of an officer's salary. The commissioner also submitted an application that plaintiff be retired on an "ordinary disability" pension, which pays 50% of an officer's salary.[2] The Police Medical Board issued a report on plaintiff's condition that concluded there was no evidence of post traumatic stress disorder and recommended to the Board of Trustees of the New York City Police Pension Fund ("Board of Trustees") that plaintiff's disability was not the result of an accident in the line of duty.[3] On September 11, 1985, the Board of Trustees voted six in favor and six opposed to plaintiff's application for an accident disability pension. The Board of Trustees also voted six to six on the Commissioner's application for an ordinary disability pension. The Board granted plaintiff ordinary disability based upon its and the City's view of the rationale of a New York State Court of Appeals ruling in *City of New York v. Schoeck,*[4] that a disabled officer was entitled to such disability payments when the Board failed to sustain by a seven-twelfths vote his application for accident disability.

On January 8, 1986, plaintiff brought suit against the Board of Trustees in New York Supreme Court under CPLR Article 78 alleging that the Board of Trustees arbitrarily and capriciously retired petitioner on an ordinary disability pension instead of an accident disability pension. In substance, plaintiff claimed that the Police Medical Board had ignored or misstated or overlooked medical evidence. Plaintiff sought judgment directing the Board of Trustees to grant plaintiff an accident disability pension.[5]

The state court dismissed the action on May 15, 1986, and plaintiff moved to reargue. Plaintiff contended that his constitutional right to due process was violated when the Board of Trustees denied him an accident disability pension after the Board reached a tie vote.[6] On September 11, 1986, the state court granted the motion to reargue and on reargument adhered to its earlier decision. Plaintiff did not appeal the decision in state court.

On February 16, 1987, plaintiff requested that the Board of Trustees reconsider plaintiff's application for an accident disability pension. This request was denied by letter of March 4, 1987. On March 12, 1987, plaintiff filed this action against Mayor Koch and other city officials. Defendants move to dismiss the action on the ground that it is barred by the doctrine of res judicata. Plaintiff disputes that this action is barred by res judicata because it is based upon the Board of Trustees' refusal to reconsider his application on March 4, 1987, after the state court rendered its decision. Plaintiff cross moves for summary judgment.

The Administrative Code of the City of New York mandates that every act of the Board of Trustees be adopted by resolution of at least seven-twelfths of its members.[7] The Board of Trustees' vote on whether to grant plaintiff an accident disability pension was six in favor, six opposed. The Board of Trustees' vote on the ordinary disability pension was also six in favor, six opposed. Because there were not the required seven votes adopting either of plain-

---

2. *See id.* at para. 13; N.Y.City Admin.Code § B18–4.0 (currently *codified at* N.Y.City Admin.Code § 13–206).

3. In fact, defendants argue that plaintiff's disability was caused by marital problems. *See* Transcript of March 10, 1986 Hearing at 2, 6, Manfra v. Board of Trustees, Police Pension Fund, No. 544/86, (N.Y.Sup.Ct.).

4. 294 N.Y. 559, 63 N.E.2d 104 (1945).

5. *See* Verified Petition, Manfra v. Board of Trustees, Police Pension Fund, No. 544/86 (N.Y. Sup.Ct. Jan. 7, 1986).

6. *See* Affirmation in Support of Motion to Re-Argue, Manfra v. Board of Trustees, Police Pension Fund, No. 544/86, (N.Y.Sup.Ct. June 5, 1986).

7. N.Y. City Admin.Code § B18–13.0(b) (currently codified at N.Y.City Admin.Code § 13–216(b)).

tiff's applications, plaintiff claims there has been no final determination in his case.

Defendants move to dismiss this action under the doctrine of res judicata because plaintiff had an opportunity to present his position, and did in fact present it, for determination on the merits before the New York Supreme Court. Plaintiff, disregarding that determination, argues that this action is not barred by the doctrine of res judicata because the Board of Trustees has a continuing obligation to reach a seven vote majority on his pension applications. Therefore plaintiff claims that the Board of Trustees' March 4, 1987, denial of his request for reconsideration, which was made after the state court's September 11, 1986, decision, constituted a new violation of his constitutional rights. Under this concept, the Board of Trustees would be under a continuing and timeless obligation to consider plaintiff's application for an accident disability pension until it reached a seven vote majority.

DISCUSSION

■ The federal courts are required to give preclusive effect to a state court judgment whenever the courts of the state in which the judgment was rendered would do so.[8] In New York, the basic test for the application of the doctrine of res judicata is whether the substance of the rights or interests established in the first action will be destroyed or impaired by the prosecution of the second.[9] Under the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action.[10] Thus, the three essential elements of the doctrine of res judicata are 1) there must be a final judg-

ment on the merits, 2) there must be an identity of parties or their privies, and 3) there must be an identity of issues in both suits.[11] Plaintiff does not appear to dispute that there is an identity of parties in this action and the prior state court action.[12] Rather, he claims that there has been no final determination, and that there is no identity of issues because the present suit arises from the Board's most recent denial of his request for reconsideration.

■ Plaintiff's first argument lacks merit. The state court made a final determination on the merits. The state court decided that the Board of Trustees' action was not arbitrary or capricious and on plaintiffs' motion for reargument also decided that plaintiff had been accorded due process of law with respect to his application before the Board of Trustees. Thus the first requirement for application of the doctrine of res judicata is satisfied.

■ The third element is also satisfied. The court concludes that this is the same cause of action decided by the state court. The fact that the Board has again refused to award plaintiff an accident disability pension makes no difference because the state court considered the Board's refusal in the previous action. Justice Saxe of the New York Supreme Court concluded that the Board of Trustees' six to six tie vote did not mean the matter of plaintiff's pension was open for remand, but was a denial of the accident disability pension.[13] Indeed the situation may be compared to a four to four vote in the Supreme Court of the United States which results in the lower court's determination becoming final.

8. See Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984).

9. Schuylkill Fuel Corp. v. Nieberg Realty Corp., 250 N.Y. 304, 308, 165 N.E. 456 (1929) (Cardozo, C.J.).

10. Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 n. 5, 99 S.Ct. 645, 649 n. 5, 58 L.Ed.2d 552 (1978).

11. See Expert Electric, Inc. v. Levine, 554 F.2d 1227, 1232–33 (2d Cir.1977).

12. Plaintiff sued the Board of Trustees in the first action and here sues Mayor Edward I. Koch, Comptroller Harrison Goldin, Police Commissioner Benjamin Ward, the Medical Board of the Police Pension Fund, and the Director of Personnel of the City of New York. There is privity between officers of the same government. See Patton v. Dumpson, 498 F.Supp. 933, 943 (S.D.N.Y.1980).

13. See Transcript of March 10, 1986 Hearing at 7–8, Manfra v. Board of Trustees, Police Pension Fund, No. 544/86 (N.Y.Sup.Ct.).

Plaintiff's reliance on Judge Broderick's opinion in *Albenga v. Ward*,[14] is misplaced. The fact is that Judge Broderick specifically held that where a police officer had litigated in the state courts an award of an ordinary disability pension as a result of a six to six vote, a subsequent suit in the federal courts was barred by res judicata. Plaintiff's reliance upon dicta by Judge Broderick with respect to his views on the vitality of *City of New York v. Schoeck* and suggestions as to legislative action do not detract from the force of the holding that the federal law suit was barred by res judicata.

Defendants' motion to dismiss this action is granted and plaintiff's cross-motion for summary judgment is consequently denied.

So ordered.