■ In the Matter of DANIEL J. QUILL, Respondent, v BENJAMIN WARD, as Police Commissioner of the City of New York, et al., Appellants.—Order and judgment (one paper) of the Supreme Court, New York County (Irving Kirschenbaum, J.), entered September 23, 1986, granting petition to the extent of directing petitioner to undergo further medical testing, unanimously reversed, on the law, respondent Board of Trustees determination reinstated, and the petition dismissed, without costs or disbursements.

Petitioner commenced this CPLR article 78 proceeding on March 6, 1986, seeking annulment of the determination of the respondent Board of Trustees of the Police Pension Fund, Article II, which adopted the respondent Medical Board's recommendation rejecting petitioner's application for an accident disability retirement pension and granting him an ordinary disability retirement pension.

After reviewing petitioner's medical history, which included three service-related back injuries occurring in February 1959, March 1970, and September 1976, and performing a physical examination, the three-physician Medical Board determined that petitioner "has marked swelling and deformity and weakness of the right ankle * * * marked weakness of the right hand and * * * is [a] markedly obese * * * insulin dependent diabetic with the complications of peripheral neuropathy and

a Charcot Joint of the right of the ankle". Based upon these findings, the Medical Board concluded that petitioner was incapable of performing the full duties of a police officer.

In a subsequent report dated June 3, 1985, the Medical Board further detailed petitioner's condition and included a finding of osteoarthritis, specifically concluding that it was "not related in any way to the injuries [sustained] in 1959, 1970 or 1976 from which he recovered".

On August 15, 1985, the Board of Trustees remanded petitioner's application to the Medical Board for still further reconsideration, in light of a letter dated March 19, 1985, from a physician who examined petitioner and expressed the possibility that petitioner's condition was in part directly related to his line-of-duty back injuries.

In a third report, dated October 1, 1985, the Medical Board adhered to its prior determination that petitioner's disability was not related to the line-of-duty injuries, and noted that petitioner's "diabetic neuropathy has been present for many years, and January of 1985 is when he developed marked swelling of his right ankle and foot which resulted in the Charcot joint".

By a 6 to 6 vote taken on November 13, 1985, the Board of Trustees adopted the Medical Board's recommendation and granted petitioner an ordinary disability retirement pension. Petitioner challenged this determination by article 78 proceeding and, in a ruling by the court below, the petition was granted to the extent of directing further medical testing of petitioner, to be followed by further consideration by the Medical Board. We now reverse and reinstate the determination of the Board of Trustees.

Under chapter 18 of the Administrative Code of the City of New York, which regulates the Police Pension Fund, the Medical Board's determination as to whether an appellant is disabled is binding upon the Board of Trustees, but the issue of whether the disability is service related is solely for the Board of Trustees to decide. (Matter of Canfora v Board of Trustees, 60 NY2d 347, 351.) In reaching its decision, the Board of Trustees is entitled to rely upon the opinion of the Medical Board (Matter of Christian v New York City Employees' Retirement Sys., 83 AD2d 507, affd 56 NY2d 841), and a reviewing court will ordinarily not disturb the determination unless its factual findings are not supported by substantial evidence or the ruling is arbitrary and capricious. (Supra.)

Where, as here, the Board of Trustees has reached its

decision in a 6 to 6 tie vote, the usual standards of review do not apply, for there has been no factual determination, and a reviewing court must instead consider whether the retiree is entitled to the greater disability benefits as a matter of law. *(Matter of Canfora v Board of Trustees, supra,* at 351-352.)

In the instant case, the Medical Board's finding that petitioner suffers from diabetic neuropathy with Charcot joint of the right ankle is not disputed by petitioner, and the sole issue is whether his disability is causally connected to the three line-of-duty injuries he sustained in the years 1959, 1970 and 1976. Petitioner bears the burden of establishing this causal connection. *(Matter of Drayson v Board of Trustees,* 37 AD2d 378, *affd* 32 NY2d 852.)

The record indicates that the Medical Board carefully reviewed petitioner's application on two occasions, and that it took into consideration the reports of doctors who expressed the opinion that there was a causal connection between the service-related injuries and the disability. *(See, Matter of Tobin v Steisel,* 64 NY2d 254.) In reaching its conclusion, the Medical Board also took into account the fact that petitioner returned to work and was restored to full-duty status after each of the injuries, a circumstance which it was entitled to weigh. *(See, Matter of Scotto v Board of Trustees,* 76 AD2d 774, 775, *affd* 54 NY2d 918.) Ultimately, the Medical Board attributed petitioner's condition to diabetic neuropathy with a Charcot joint of the right ankle, and ruled out causation stemming from the back injuries.

In light of the medical findings and petitioner's postinjury performance, it cannot be determined, as a matter of law, that petitioner is entitled to accident disability benefits, and the Board of Trustees tie vote denying accidental disability benefits must accordingly stand. *(Matter of Canfora v Board of Trustees, supra,* at 352; *Matter of Polche v McGuire,* 96 AD2d 475, *affd* 61 NY2d 663.) Concur—Murphy, P. J., Sandler, Sullivan, Milonas and Kassal, JJ.