James McDARBY, Plaintiff,

v.

Edward I. KOCH, Mayor of the City of
New York, et al., Defendants.

No. 87 Civ. 0388 (KTD).

United States District Court,
S.D. New York.

Oct. 18, 1989.

John P. Rudden, New York City, for
plaintiff.

Peter L. Zimroth, Corp. Counsel, New
York City, for defendants; Magda Deconinck, Susan Rockford, of counsel.

MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District
Judge:

Plaintiff James McDarby brings this action pursuant to 42 U.S.C. §§ 1983 and 1985 (1982) against the city defendants for alleged violations of various of his civil rights. McDarby is a former member of the New York City Police Department ("NYCPD") who was retired from the NYCPD on an ordinary disability pension. McDarby claims that procedures employed by the city defendants in denying him a "line of duty" accidental disability pension violated procedural and substantive due process, equal protection, and the contract clause of the United States Constitution. McDarby moves for partial summary judgment pursuant to Fed.R.Civ.P. 56 and the city defendants cross-move for summary judgment dismissing the complaint.

Under § 13–251 of the New York City Administrative Code, the Medical Board of the Pension Fund determines whether applicants for ordinary disability retirement are physically or mentally incapacitated for the performance of duty and ought to be retired. The Pension Fund Board of Trustees ("Board of Trustees"), consisting of six representatives of city management and six representatives of municipal labor organizations, then reviews applications for disability pension benefits. A majority vote of seven is required for a resolution of approval. § 13–216[b].

When the vote of the Board of Trustees is deadlocked at six-to-six on the question of cause of disability, it is the longstanding practice of the Board to retire an applicant on ordinary disability. That practice is based on its interpretation of the ruling of the New York Court of Appeals in *Matter of City of New York v. Schoeck*, 294 N.Y. 559, 63 N.E.2d 104 (1945), that a disabled officer was entitled to an ordinary disability pension when the Board of Trustees failed to sustain by a seven-twelfths vote his application for accident disability. Re-

cipients of an accident disability pension receive three-fourths of their annual salary tax free, while recipients of an ordinary non-line of duty disability pension receive one-half of their annual salary, which is taxable.

In 1986 McDarby was retired on an ordinary disability pension after a six-to-six deadlock vote by the Board of Trustees on his application for accident disability retirement. He now claims that the failure of the Board of Trustees to decide the cause of his disability by a statutorily mandated seven-twelfths majority constitutes a denial of due process.

■ Although McDarby has a protectible property interest in city pension benefits, *see Basciano v. Herkimer*, 605 F.2d 605, 609 (2d Cir.1978), *cert. denied*, 442 U.S. 929, 99 S.Ct. 2858, 61 L.Ed.2d 296 (1979), the Administrative Code limits the extent of that property interest by placing within the Board of Trustees' discretion the determination whether or not to deny such increased benefits. § 13–252. McDarby has no vested right in receiving the highest pension possible. Neither can I find that McDarby has a protected property interest in having the Board reach a seven-twelfths vote. To hold such would, as a practical matter, require the Board of Trustees to be subject to a "continuing and timeless obligation to consider [McDarby's] application for an accident disability until it reached a seven vote majority." *Manfra v. Koch*, 666 F.Supp. 637, 640 (S.D.N.Y.1987), *aff'd without opinion*, 868 F.2d 1267 (2d Cir. 1988).

■ Moreover, McDarby was afforded procedural protections sufficient to satisfy due process standards. The Board of Trustees of both the police and fire department pension funds have adopted the procedure of simply retiring applicants on ordinary disability pension whenever the vote of the Board is tied—a procedure that since *Schoeck* has been "observed, if not honored, by continuous use and general acceptance." *Canfora v. Board of Trustees of Police Pension*, 60 N.Y.2d 347, 457 N.E.2d 740, 742, 469 N.Y.S.2d 635, 637 (1983).[1] Indeed, as Judge Weinfeld noted, this procedure is comparable to that of the "Rule of Four" of the United States Supreme Court, where a four-to-four vote results in the lower court's determination becoming final. *See Manfra*, 666 F.Supp. at 640.

In addition, McDarby could have brought an Article 78 proceeding under New York law, which provides all the process constitutionally due. The grant of ordinary disability is reviewable on the merits in such a proceeding, and the denial of accidental disability benefits as a result of a tie vote can be set aside if the court concludes as a matter of law that the disability was the natural and proximate result of a service-related accident. *Canfora*, 457 N.E.2d at 742, 469 N.Y.S.2d at 637; *see also Campo v. New York City Employees' Retirement System*, 843 F.2d 96, 100–03 n. 7 (2d Cir. 1988) (Article 78 proceeding and possibility of state contract claim satisfied due process regarding failure to pay survivor benefits under New York City employees' retirement system), *cert. denied*, —— U.S. ——, 109 S.Ct. 220, 102 L.Ed.2d 211 (1988).

Thus it cannot be said that the Board of Trustees' practice of retiring applicants on ordinary disability pensions following a deadlock vote violates acceptable and rational procedures required by due process for such determinations. The fact that I might personally disagree with the result obtained by the Board of Trustees does not give this court discretion to substitute its views for that of the accepted procedure.[2]

1. Moreover, it is worth noting that the interpretation of a state statute made by that state's highest court is binding on a federal court. *Minotti v. Lensink*, 798 F.2d 607, 610 (2d Cir. 1986), *cert. denied*, 482 U.S. 906, 107 S.Ct. 2484, 96 L.Ed.2d 376 (1987).

2. While McDarby has also raised substantive due process and equal protection claims, it is clear that he wholly fails to satisfy the *prima facie* burden in making either constitutional argument. Similarly, his reliance on the contract clause must fail as well. *Cf. Allied Structural Steel Co. v. Spannaus*, 438 U.S. 234, 98 S.Ct. 2716, 57 L.Ed.2d 727 (1978). Whatever appellation he chooses to impart to his claims, it is clear that the crux of McDarby's constitutional challenge to the Board of Trustees' action here centers on what procedures must be followed

Accordingly, McDarby's motion for summary judgment is denied. The city defendants' motion for summary judgment is granted. The complaint is dismissed.

SO ORDERED.

before he may be awarded an accidental disability pension.