■ In the Matter of ALFRED MILLER, Appellant, v BENJAMIN WARD, as Police Commissioner of the City of New York, et al., Respondents.—Judgment of Supreme Court, New York County (Harold Baer, Jr., J.), entered March 15, 1989, which dismissed the petitioner's CPLR article 78 petition as untimely, is unanimously affirmed, without costs.

Petitioner, a New York City police surgeon, submitted an application for accidental disability retirement. The Medical Board first approved his application, but after reexamination, upon remand from the Board of Trustees, denied the request. Thereafter, in considering that recommendation, the Board of Trustees' vote was split 6 to 6. Shortly thereafter the Board of Trustees mailed the petitioner a letter stating that his application had been denied. One year later the petitioner commenced an action in the Supreme Court. The court dismissed the petition as untimely and the petitioner appealed to this court.

The petitioner urges that the Supreme Court improperly dismissed his petition since the Board of Trustees never made a final determination and that, therefore, the Statute of Limitations never began to run. Furthermore, it is urged that the Board of Trustees acted improperly in not accepting new evidence of his disability. Finally, the petitioner contends that the actions of the Board of Trustees were arbitrary, capricious, and unreasonable.

We find that the petitioner's claims are meritless and affirm the Supreme Court's order and judgment. CPLR 217 requires that an action against a public body be commenced within four months after the determination is final and binding. Here, the Board of Trustees by a split vote neither accepted nor rejected the Medical Board's determination. Such a vote constitutes a denial of the application pending before the Board of Trustees. *(Matter of City of New York v Schoeck,* 294 NY 559 [1945].)* Accordingly, the Board of Trustees' act did constitute a final and binding determination. *(Matter of Can-*

*fora v Board of Trustees,* 60 NY2d 347 [1983]; *Matter of City of New York v Schoeck, supra.)* Moreover, the Board of Trustees has no authority to overrule the Medical Board's determination as to whether petitioner was disabled. *(Matter of Quill v Ward,* 138 AD2d 305, 306 [1st Dept 1988].) Concur—Kupferman, J. P., Asch, Wallach, Smith and Rubin, JJ.