■ In the Matter of KEVIN J. DELAHUNTY, Appellant, v

Board of Trustees of the New York City Fire Department et al., Respondents.—Judgment, Supreme Court, New York County (Leonard Cohen, J.), entered April 26, 1990, which denied and dismissed the CPLR article 78 petition seeking to vacate and annul respondent Board of Trustees of the New York City Fire Department's determination granting petitioner ordinary disability retirement benefits and denying him accident disability retirement, unanimously affirmed, without costs.

Petitioner argues the Medical Board's failure to set forth the basis for its finding that petitioner's disabling condition is unrelated to a line of duty automobile accident renders the Board of Trustees' reliance thereon "without foundation", and thus arbitrary and capricious. However, respondent's determination expressly relied upon medical evidence showing petitioner was disabled by a degenerative disease of the lower back.

Petitioner's further claim that the automobile accident aggravated a dormant or asymptomatic lumbar condition, resulting in his disability (see generally, Matter of Tobin v Steisel, 64 NY2d 254), is unsubstantiated by medical opinion. Petitioner, as an applicant for accident disability benefits, has the burden of establishing that disability is causally related to a line of duty accident (Matter of Drayson v Board of Trustees, 37 AD2d 378, affd 32 NY2d 852). The medical report of petitioner's own physician nowhere states that the automobile accident aggravated a pre-existing lumbar condition. Indeed, petitioner's physician made no mention whatsoever of petitioner's degenerative disc disease, but rather, opined that petitioner's disability was the direct and proximate result of the automobile accident. Where, as here, a conflict in medical opinion exists, the Trustees are entitled to rely on the report and recommendation of the Medical Board (Matter of Drayson v Board of Trustees, supra). Further, the record indicates both the Medical Board and Board of Trustees considered petitioner's aggravation argument and rejected it based upon a review of the medical evidence presented (cf., Matter of Meyer v McGuire, 64 NY2d 1152). Concur—Carro, J. P., Milonas, Asch, Kassal and Rubin, JJ.