■ In the Matter of GLORIA J. BROWN, Appellant, v BENJAMIN WARD, as Police Commissioner of the City of New York and as Chairman of the Board of Trustees of the Police

Pension Fund, Article II, et al., Respondents. [621 NYS2d 1] —Judgment (denominated an order), Supreme Court, New York County (Jerome Hornblass, J.), entered February 17, 1993, following a remand of this matter to the Board of Trustees in an earlier decision entered April 12, 1988, upholding the Board of Trustees' determination to deny petitioner accident disability retirement and dismissing the petition, unanimously affirmed, without costs.

Where there is an award of ordinary disability benefits made because of a tie vote by the Board of Trustees, the denial of accidental disability benefits can be set aside "only if the [reviewing] courts conclude that the retiree is entitled to [accident disability] benefits as a matter of law" *(Matter of Canfora v Board of Trustees,* 60 NY2d 347, 352). Petitioner has not made such a showing, in view of the findings of several physicians, which support the Medical Board's opinion that "her complaints relative to her knee were not considered line of duty related, in that there was no continuing disability for a period of over two years during which time there was no treatment."

As a result, the determination of the Board of Trustees, which adopted the Medical Board's findings, was not erroneous as a matter of law.

Petitioner also argues that the Medical Board did not address the concerns raised by the lower court's 1988 remand order in good faith. However, the Medical Board did not ignore the remand instructions because it did give consideration to all of petitioner's proffered medical reports and provided cogent reasons why it disagreed with the petitioner's arguments. Also, the Medical Board was entitled to rely on its own independent physical examinations of petitioner finding no causation. Concur—Ellerin, J. P., Rubin, Nardelli and Williams, JJ.