**Joseph CALZERANO, Plaintiff,**

**v.**

**BOARD OF TRUSTEES OF THE POLICE PENSION FUND, Article II and Police Commissioner Raymond Kelly, Chairman, Defendants.**

No. 93 Civ. 8318 (KTD).

United States District Court, S.D. New York.

Feb. 23, 1995.

Kliegerman & Friess, New York City (Rosemary Carroll, of counsel), for plaintiff.

Paul A. Crotty, Corp. Counsel of the City of N.Y., New York City (Charles L. Finke, of counsel), for defendants.

### MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge.

Plaintiff Joseph Calzerano brought this suit against Defendants Board of Trustees of the Police Pension Fund, Article II and the Police Commissioner, as Chairman of that fund (collectively referred to as "Defendants") for violations of 42 U.S.C. § 1983 and the Fourteenth Amendment. Plaintiff claims that Defendants violated his civil rights by failing to provide adequate due process in considering his application for Accidental Disability Retirement ("ADR"). Plaintiff asserts that his due process rights were violated when the determination of his pension benefits was made without a trial-type hearing. The parties have cross-moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the following reasons, Defendants' motion is granted and Plaintiff's motion is denied.

### FACTS

Plaintiff was a New York City Police Officer for over thirty years. Plaintiff's duties as Commanding Officer of Patrol Borough Brooklyn South required him to respond to any situation of a serious or newsworthy nature within his jurisdiction. On various occasions he was injured during the course of duty. On September 3, 1987 Plaintiff injured his legs and back in a car accident while responding to a bias incident in the 69th Precinct. On August 27, 1987, while responding to an unruly demonstration, plaintiff was pushed to his knees, causing an injury. Later that day, this injury was exacerbated when his knee buckled out from under him. On December 18, 1990, Plaintiff was injured in a second car accident while attempting to alleviate a grid-lock problem on the roadway. The New York City Police Department investigated these incidents and determined that they were all "line-of-duty" injuries. Three days after the second car accident, Plaintiff discontinued his field position and was reassigned to Chief of Personnel, which is an administrative position. He remained at this position until his retirement in November 1992.

As a member of the Police Pension Fund, Plaintiff applied for ADR pursuant to New York City Administrative Code § 13–252. Plaintiff asserts that the series of injuries to his legs have permanently disabled him. Upon retirement, a disabled police officer's pension is determined according to the type of disability he has. Ordinary disability retirement ("ODR") is the pension fund for officers whose disabilities are not a result of, or causally related to, a line-of-duty injury. Accident Disability Retirement ("ADR") is the pension fund for officers whose disability is causally related to a line-of-duty injury. ADR benefits are tax free and ODR benefits reflect a somewhat higher portion of salary, but are taxable.

Plaintiff was examined by the Medical Board which determined that Plaintiff did, in

fact, have a disability and that it was caused by the line-of-duty injuries. As a result, the Medical Board recommended Plaintiff for ADR. Specifically, the Board concluded that Plaintiff suffered from a disabling degenerative disease of the medial meniscus which was "causally related" to the line-of-duty accidents. The Board of Trustees ("Trustees") accepted the fact of Plaintiff's disability, but requested clarification of the Medical Board's findings of causation by remanding the issue back to the Medical Board. Plaintiff was recommended a second time for ADR by the Medical Board. The Trustees declined to follow the recommendation of the Medical Board, stating that it was not bound by the Medical Board's determination of a causally related injury. Accordingly, Plaintiff was retired as ODR by the Trustees.

## DISCUSSION

Summary judgment under Rule 56 of the Federal Rules of Civil Procedure is appropriate only when the moving party shows that no genuine issue of material fact exists and that the moving party is entitled to summary judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). In determining the existence of a material fact, I must view all evidence in the light most favorable to the non-moving party. *Cable Science Corp. v. Rochdale Village, Inc.*, 920 F.2d 147, 151 (2d Cir.1990). Both parties have moved for summary judgment; the inquiry can be restated as "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52, 106 S.Ct. at 2512.

Plaintiff brings this claim as a result of an administrative meeting held by the Board of Trustees of the Police Department. He claims that the procedures employed by the Trustees violated his due process and other civil rights when he was denied the opportunity to present his case orally.

■ Section 13–216 of the Administrative Code and Charter of the City of New York ("Code") requires a majority vote of seven to adopt any resolution. The Board of Trustees consists of representatives of both the City and the labor organizations. Each side has six votes to cast. In the event that the Medical Board recommends to the Board of Trustees that the applicant be retired on accident disability, the Trustees are apparently bound by this recommendation pursuant to section 13–252 of the Code.[1] However, since any action by the Board of Trustees must be approved by a seven-twelfths majority, a deadlock will effectively paralyze any action of the Board of Trustees.[2]

■ In Plaintiff's case, the Board of Trustees held a meeting and the vote was deadlocked at 6 to 6. It has been the practice of the Trustees that in the event of a deadlock, the claimant is retired on ODR, pursuant to *Matter of City of New York v. Schoeck*, 294 N.Y. 559, 63 N.E.2d 104 (1945); *see McDarby v. Dinkins*, 907 F.2d 1334, 1336 (2d Cir.1990). This determination can be set aside in an Article 78 Proceeding only "if the court[ ] conclude[s] that the retiree is entitled to the greater benefits as a matter of law." *Canfora v. Board of Trustees*, 60 N.Y.2d 347, 352, 469 N.Y.S.2d 635, 457 N.E.2d 740 (1983). The determination will not be overturned unless the findings of the Trustees are arbitrary and capricious. *Id.* at 351, 469 N.Y.S.2d 635, 457 N.E.2d 740. This review of the determination of the Trustees is within the realm of the state court in the Article 78 proceeding, not with this court.

I have previously held that the system of retiring an applicant on ODR following a deadlocked vote does not violate due process. *McDarby v. Koch*, 725 F.Supp. 151 (1989) *aff'd* 907 F.2d 1334 (2d Cir.1990).

---

1. Section 13–252 of the Administrative Code and Charter of the City of New York provides that if the Medical Board finds that the applicant's disability is causally related to his occupation, the Medical Board "shall so certify to the [Trustees], ... and the [Trustees] shall retire such member for accident disability forthwith." *Id.*

2. It should be noted that even a breach in the procedures in the Code does not, without more, constitute a due process violation. *McDarby*, 907 F.2d at 1337.

Plaintiff asserts that his civil rights were violated when he was denied oral presentation of his case. Neither plaintiff nor his doctor were permitted to present oral testimony before the Board of Trustees. However, Plaintiff was given the opportunity to present his case before the board of Trustees in writing. Plaintiff's doctor was likewise afforded the opportunity to present evidence regarding his opinion of the cause of Plaintiff's disability.

Plaintiff further asserts that the Board of Trustees is bound by the finding of causation by the Medical Board and therefore must retire Plaintiff on ADR. By making this argument, Plaintiff suggests that the vote of the Trustees was improper, and the deadlock invalid.

■ A property interest cannot be taken from an individual without due process. U.S. Const. amend. V. Plaintiff has a property interest in his retirement. *See McDarby*, 907 F.2d at 1336 (citations omitted). The Code sets out the procedures involved in determining disability. These procedures, by which the Trustees are bound, have been tested and endorsed by this court and affirmed by the Second Circuit. *Id.*, at 1337.

■ The Supreme Court has enumerated three factors to be considered in determining if a procedure satisfies Due Process. *See Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). The court must examine:

1) the private interest which will be affected by the official action;

2) the risk of an erroneous deprivation of such interest through the procedures used; and

3) the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail. *Mathews*, 424 U.S. at 335, 96 S.Ct. at 905.

■ The first two factors can be treated without difficulty. The interest to be affected is the retiree's pension fund. The procedures are set up to determine through which pension fund he will receive benefits. Although these procedures are not necessarily without faults, they provide a mechanism which minimizes the risk of an erroneous determination. Plaintiff focuses on the third factor in which he suggests that an additional requirement be imposed.

Plaintiff contends that due process requires that the Trustees conduct a hearing prior to determining the category of disability under which he will be retired. Due Process requires only an opportunity to be heard, that is, to present argument and evidence which support the applicant's position to the Board or person making the determination. Due Process does not guarantee an opportunity to be heard in person. *See Basciano v. Herkimer*, 605 F.2d 605, 610 (2d Cir.1978) *cert. denied*, 442 U.S. 929, 99 S.Ct. 2858, 61 L.Ed.2d 296 (1979). Plaintiff submitted his argument and the opinion of his doctor in writing, and thus was given an opportunity to present evidence on his behalf in his claim for entitlement to ADR. There is no constitutional violation merely because Plaintiff's witnesses were not permitted to testify orally. There is no support for the assertion that oral testimony of a plaintiff assures a more reliable determination than written evidence. *See Basciano*, 605 F.2d 605, 611 (2d Cir.1978). The additional measures are not required by due process as Plaintiff suggests. Due process was satisfied when Plaintiff was given the opportunity to present evidence by his doctors attesting to his disability. This procedure does not detrimentally effect the determination of Plaintiff's disability retirement.

## CONCLUSION

In light of the above findings, Plaintiff's civil rights claim is meritless, and the Due Process violation unfounded. There are no material issues of genuine fact to be tried. Accordingly, Defendants' motion for summary judgment is granted and Plaintiff's motion for summary judgment is denied. Accordingly, the complaint is dismissed in its entirety.

SO ORDERED.