■ In the Matter of ANTHONY GASPARINO, Appellant, v WILLIAM J. BRATTON, as Police Commissioner of the City of New York, et al., Respondents. [653 NYS2d 591] —Judgment (denominated an order), Supreme Court, New York County (Beatrice Shainswit, J.), entered October 12, 1995, which denied petitioner's application brought pursuant to CPLR article 78 to annul the determination of respondent Board of Trustees of the Police Pension Fund that petitioner was not entitled to accident disability retirement benefits, and dismissed the petition, unanimously affirmed, without costs.

Where, as here, the denial of accidental disability benefits is the result of a tie vote of the Trustees, the determination can be set aside upon judicial review only if the court concludes that the retiree is entitled to the greater benefit as a matter of law (*Matter of Canfora v Board of Trustees*, 60 NY2d 347; *Matter of Hipple v Ward*, 146 AD2d 201, 207, *lv denied* 74 NY2d 614). Petitioner's slip and fall on a puddle of water on a bathroom floor cannot be determined, as a matter of law, to be the kind of unexpected event necessary to constitute an accident for disability retirement purposes (*see, Matter of Lichtenstein v Board of Trustees*, 57 NY2d 1010). Concur—Murphy, P. J., Milonas, Nardelli and Andrias, JJ.