Matter of Lahm v Bloomberg (2004 NY Slip Op 24217)

Matter of Lahm v Bloomberg

2004 NY Slip Op 24217 [4 Misc 3d 530]

April 6, 2004

Supreme Court, New York County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, September 8, 2004

[*1]
In the Matter of Richard K. Lahm, Petitioner,
v
Michael R. Bloomberg, as Mayor of the City of New York, et al., Respondents.
Supreme Court, New York County, April 6, 2004

APPEARANCES OF COUNSEL

Michael Murray, New York City, for petitioner. Michael A. Cardozo, Corporation Counsel, New York City (J. Douglas Dean of counsel), for respondents.

{**4 Misc 3d at 531} OPINION OF THE COURT

Kibbie F. Payne, J. 
Petitioner moves pursuant to CPLR article 78 for a judgment annulling, as arbitrary and capricious and an abuse of discretion, the determination of respondent Board of Trustees of the Police Pension Fund, Article II, which denied petitioner's application for an accident disability retirement (ADR) (Administrative Code of City of NY § 13-252) and granted petitioner, instead, a nonservice connected ordinary disability retirement (Administrative Code of City of NY § 13-251). Additionally, petitioner seeks an order directing petitioner's entitlement to a line-of-duty designation for injury sustained on September 11, 2001 and, further, remanding this matter for recomputation of petitioner's retirement allowance.
Petitioner, a former police officer of the New York City Police Department, was diagnosed with stage III squamous cell carcinoma of the right tonsil and soft palate and was retired from service on April 1, 2002. Petitioner sought line-of-duty designation for his cancer, claiming it was environmentally induced as the result of his prolonged exposure to and inhalation of toxic debris without protective respiratory apparatus, during the collapse of the World Trade Center (WTC) towers on September 11, 2001, and, thereafter, when petitioner was involved in the rescue and recovery operation. The respondent Police Department, on May 10, 2002, denied petitioner's request for line-of-duty designation for September 11, 2001, on the recommendation of its chief [*2]surgeon and the commanding officer of the Health Services Division, on the ground that petitioner's cancer was not "causally related" and further that there was "no logic to claim that [petitioner's] cancer was aggravated by WTC exposure." Petitioner appealed the denial of the line-of-duty designation for injuries suffered on September 11, 2001 and his appeal was later denied by the chief of personnel on July 10, 2003. During the interim, the Medical Board recommended disapproval of petitioner's application for an ADR based on its own interview with and physical examination of petitioner and its review of petitioner's medical records. Among the records reviewed by the Medical Board was a letter report of one of petitioner's examining physicians, Jayde Steckowych, an otolaryngologist, in which she opined that the cancer was environmentally induced from exposure at the WTC and the report of Dr. Thomas R. Eanelli, a specialist in radiological oncology, who stated that it was probable that petitioner's cancer was {**4 Misc 3d at 532}the result of toxic exposure on September 11th, or had been exacerbated by the event. Following petitioner's treatment with radiation and chemotherapy, the Medical Board performed a physical examination and interviewed petitioner on December 13, 2002. The Medical Board found that petitioner had suffered a "significant tumor of the head and neck," which was "moderately advanced" by the time of his treatment and that petitioner's present complaints related to his treatment resulting in a loss of salivation, change of voice quality, fatigue and general weakness, rendering petitioner unable to perform the duties of a police officer and warranting his retirement from service. The Medical Board concluded that petitioner's illness was not service connected, without addressing the question of whether petitioner's condition may have been "aggravated" by his exposure to and inhalation of debris at the WTC site, as had been opined by petitioner's physicians.
Where the Medical Board concludes that the member is disabled, it must further determine whether the disability is "a natural and proximate result of an accidental injury received in such city-service" (see Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., 90 NY2d 139, 144 [1997]), by utilizing the appropriate causation standard based on the facts before it. Herein, this was not done. Thereafter, the Board of Trustees which has the "function and duty of determining the 'circumstances' of the disqualification and of determining the amount of the allowance as provided by the code" (Matter of Canfora v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II, 60 NY2d 347, 352) must act. If one is to accept the conclusion of respondents' chief surgeon, that cancer does not usually develop within two months of exposure, and the Medical Board's report of examination of December 13, 2002, that petitioner's cancer was of an advanced state, coupled with the fact that petitioner did not demonstrate any symptoms until after September 11, 2001, immediately developing a sore throat within several days of his exposure, then the obvious question is, in light of controlling decisional law and the opinions expressed by petitioner's doctors, whether petitioner's preexisting cancer was exacerbated by the service connected exposure on September 11, 2001. In an unanimous decision for the Court of Appeals in Matter of Tobin v Steisel (64 NY2d 254, 259 [1985]), Judge Meyer wrote: "The causation rule both in tort law and under the workers' compensation statute is that an accident which produces injury by precipitating the development of {**4 Misc 3d at 533}a latent condition or by aggravating a preexisting condition is a cause of that injury" (also see, Matter of Meyer v McGuire, 64 NY2d 1152, 1154 [1985]). Moreover, "it has been assumed in a number of disability cases that evidence establishing that an accident exacerbated an underlying condition, thereby rendering the employee disabled, would be sufficient, if accepted" (Matter of Tobin v Steisel, supra at 259).
As a consequence of its tie vote, the Board of Trustees made no factual determination as to [*3]causation. As such, the determination of the Board of Trustees denying petitioner an ADR was without a rational basis in the record. The denial of ADR as the result of a tie vote "can be set aside on judicial review only if the courts conclude that the retiree is entitled to the greater benefits as a matter of law. Unless it can be determined as a matter of law on the record that the disability was the natural and proximate result of a service-related accident" (Canfora, supra at 352). This special proceeding is similar to Canfora wherein the Board of Trustees rendered a six to six tie vote.
In this case, there is no dispute that petitioner suffered from cancer of the tonsil and palate. The only issue is whether Lahm's disabling condition was aggravated by the line-of-duty injury of September 11, 2001. The petitioner bears the burden of establishing the causal relationship between the disabling condition and the service-related accident (Matter of Archul v Board of Trustees, 93 AD2d 716, 717 [1983]; Matter of Drayson v Board of Trustees, 37 AD2d 378 [1971], affd 32 NY2d 852 [1973]). A review of the instant record clearly indicates that the only medical opinions presented were the physicians who supported the claim that petitioner's cancer was aggravated by his service-related injury on September 11, 2001. Since the record contains no medical evidence contradicting petitioner's medical experts, I find as a matter of law that petitioner has met his burden of establishing that his cancer was exacerbated by the service connected September 11, 2001 injury. In this case, to allow the denial of accident disability retirement benefits predicated solely on the conclusory statement of respondents' chief surgeon that there was "no logic to claim that CA [cancer] was aggravated by WTC exposure" does not satisfy the requirement of "any credible evidence of lack of causation" necessary to support respondents' determination (see Matter of Meyer v Board of Trustees, 90 NY2d 139, 145 [1997]; Canfora, supra at 351). Such opinion is unsupported by the record and therefore lacks any probative value as a matter of law.{**4 Misc 3d at 534}
Accordingly, it is ordered and adjudged that petitioner's application is granted and the respondent Board of Trustees' determination of November 12, 2003, denying an accident disability retirement and granting petitioner ordinary disability retirement benefits on a tie vote, is annulled and petitioner is entitled to the greater benefit as a matter of law; and it is further ordered and adjudged that this matter is remanded to respondents to grant petitioner an accident disability retirement and to recompute petitioner's retirement allowance in accordance herewith.