■ In the Matter of WILLIAM BALL, Appellant, v RAYMOND KELLY, as Police Commissioner of the City of New York, and as Chairman of the Board of Trustees of the Police Pension Fund, Article II, et al., Respondents. [826 NYS2d 66]—Judgment, Supreme Court, New York County (Michael D. Stallman, J.), entered September 19, 2005, denying the petition and dismissing this CPLR article 78 proceeding, unanimously affirmed, without costs.

It cannot be determined, as matter of law, that the disability was a natural and proximate result of a service-related accident (*see Matter of Canfora v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II*, 60 NY2d 347 [1983]). While petitioner's hearing loss did result from an acute injury, the record supports the finding that he was performing routine duties at the time of his injury (*see e.g. Matter of McDonald v Regan*, 174 AD2d 940 [1991], *lv denied* 78 NY2d 859 [1991]). Concur—Buckley, P.J., Tom, Mazzarelli, Friedman and McGuire, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE GALE, Appellant. [825 NYS2d 651]—Judgment, Supreme Court, Bronx County (John Byrne, J.), rendered on or about May 26, 2005, unanimously affirmed. No opinion. Order filed. Concur—Buckley, P.J., Tom, Friedman and McGuire, JJ.