■ In the Matter of ALAN MACPHERSON, Appellant, v RAYMOND KELLY, as Police Commissioner of the City of New York, and as Chairman of the Board of Trustees of the Police Pension Fund, Article II, et al., Respondents. [944 NYS2d 96]—

Judgment, Supreme Court, New York County (O. Peter Sherwood, J.), entered February 15, 2011, denying the petition and dismissing the proceeding brought pursuant to CPLR article 78, which sought to annul respondents' determination denying petitioner's application for accident disability retirement benefits, unanimously affirmed, without costs.

Credible evidence supported the conclusion that petitioner's disability was not caused by a service-related injury (*see Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund*, 90 NY2d 139, 145 [1997]; *Matter of Canfora v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II*, 60 NY2d 347, 351 [1983]). The Medical Board noted that an MRI taken after the line-of-duty incident showed no change in petitioner's condition or new structural lesion as a result of that incident. A letter from petitioner's physician also noted that he suffered from complex seizures for several years before he was injured in the October 2007 incident. Moreover, the Medical Board's opinions referenced the evidence presented by petitioner's doctors, but disagreed with their conclusions. A dispute among medical experts is for the Medical Board to resolve (*see Matter of Borenstein v New York City Employees' Retirement Sys.*, 88 NY2d 756, 761 [1996]).

We have considered petitioner's remaining contentions, including that respondents ignored the difference in his condition before and after the subject incident, and find them unavailing. Concur—Tom, J.P., Andrias, Catterson, Acosta and Manzanet-Daniels, JJ.