■ In the Matter of ROY T. RICHTER, as President of the Captains Endowment Association of the City of New York Police Department, Inc., and as a Trustee of the Board of Trustees of the Police Pension Fund, Article II, et al., Respondents, v RAYMOND KELLY, as Police Commissioner of the City of New York, and as Chairman of the Board of Trustees of the Police Pension Fund, Article II, et al., Appellants. [975 NYS2d 51]—

Judgment, Supreme Court, New York County (Geoffrey D. Wright, J.), entered August 9, 2012, annulling the determination of respondent Board of Trustees of the Police Pension Fund, Article II, dated September 14, 2011, which denied petitioner Lea C. Dann's application for accident disability retirement (ADR) benefits pursuant to General Municipal Law § 207-k (the Heart Bill), and directing respondents to grant petitioner ADR benefits under the Heart Bill, unanimously affirmed, without costs.

In the absence of credible medical evidence that petitioner's disabling heart condition is not related to her service as a police surgeon, the Board of Trustees' determination to deny her ADR benefits under the Heart Bill lacks a rational basis and is arbitrary and capricious (*see Matter of Borenstein v New York City Employees' Retirement Sys.*, 88 NY2d 756, 760 [1996]; *Matter of Canfora v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II*, 60 NY2d 347, 352 [1983]).

The Heart Bill creates a presumption that any health condition caused by heart disease and resulting in disability to "a paid member of the uniformed force of a paid police department" was incurred in the performance of the member's duty (General Municipal Law § 207-k [a]). The Police Pension Fund's

Medical Board examined petitioner, a police surgeon, reviewed her medical records, identified her disability as "Arteriosclerotic Heart Disease with Significant Long Stenotic Lesion Involving the Left Anterior Descending Artery and Stents that were Placed in that Artery as Described," and certified that this disability was the result of an accidental injury received in the performance of police duty, pursuant to General Municipal Law § 207-k.

Reversing a policy established by years of practice and internal memoranda, the Board of Trustees denied petitioner's application on the ground that the Heart Bill did not apply to police surgeons. In a memorandum dated April 27, 1993, Assistant Corporation Counsel Charles L. Finke wrote to D.I. Joseph Maccone, C.O. Pensions Section, "Guided by the 1975 case of *Matter of Callas v. Codd*, (N.Y. County Index No. 1682/74), *aff'd*, 47 A.D.2d 812 (1st Dep't 1975)[,] [*lv denied* 37 NY2d 706 (1975)], this office has interpreted the Heart Bill to apply to police surgeons." In *Matter of Callas*, which granted a petition for death benefits under the Heart Bill by a widow whose police surgeon husband died of a heart condition, the court rejected the argument that the Legislature intended additional benefits only for those policemen whose particular occupational hazards and stresses made them more susceptible to heart disease.

Contrary to respondents' contention, neither the title of General Municipal Law § 207-k ("Disabilities of policemen and firemen in certain cities") nor the reference in the statute to "police officers" creates ambiguity as to whether the statute applies to police surgeons. Nor have respondents shown that a literal reading of the statute would frustrate its purpose (*see Uniformed Firefighters Assn., Local 94, IAFF, AFL-CIO v Beekman*, 52 NY2d 463, 471 [1981]).

The Board of Trustees is bound by the Medical Board's determination (*see Matter of Canfora*, 60 NY2d at 351; Administrative Code of City of NY § 13-352). Therefore, respondents cannot now seek "clarification" of the Medical Board's determination. Concur—Gonzalez, P.J., Tom, Renwick, Freedman and Clark, JJ. **[Prior Case History: 2012 NY Slip Op 31994(U).]**