Matter of Francisco v Shea (2024 NY Slip Op 00934)

Matter of Francisco v Shea

2024 NY Slip Op 00934

Decided on February 22, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 22, 2024

Before: Oing, J.P., Kapnick, Kennedy, Mendez, Higgitt, JJ. 

Index No. 154333/20 Appeal No. 1724 Case No. 2023-02457 

[*1]In the Matter of Frank Francisco, Petitioner-Appellant,
v
Dermot F. Shea, etc., et al., Respondents-Respondents.

Goldberg & McEnaney, LLC, Port Washington (Timothy McEnaney of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Janet L. Zaleon of counsel), for respondents.

Judgment, Supreme Court, New York County (Debra A. James, J.), entered November 1, 2022, denying the petition to annul respondents' determination, dated December 11, 2019, which denied petitioner's application for accidental disability retirement benefits under the World Trade Center Disability Law, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously reversed, on the law and facts, without costs, the petition reinstated, and the matter remanded to respondents for a determination consistent with this decision.
The Medical Board's determination that petitioner did not suffer from a World Trade Center qualifying condition was based on credible evidence consisting of a July 18, 2018 letter from his treating doctor, diagnosing petitioner's psychological condition as personality disorder, which is not an enumerated condition in the statute(see Retirementand Social Security Law § 2[36][d]). However, the Medical Board failed to address whether petitioner's World Trade Center experience exacerbated or aggravated his underlying psychological condition, in that the record indicates that numerous medical personnel over the years since September 11, 2001 found that he suffered from post-traumatic stress disorder and anxiety (see Matter of Tobin v Steisel, 64 NY2d 254, 259 [1985]).
Accordingly, the matter is remanded to respondents to determine whether petitioner's World Trade Center experience aggravated his underlying personality disorder causing him to be unable to function as a police officer (see Matter of Meyer v McGuire, 64 NY2d 1152, 1154-1155 [1985]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 22, 2024