907 F.2d 1334
 James McDARBY, Plaintiff-Appellant,
v.
David N. DINKINS,* Mayor of the City of New
York; Elizabeth Holtzman,* Comptroller of the City of New
York; Lee P. Brown,* Police Commissioner of the City of New
York and Chairman, Police Pension Fund, Article II; Board
of Trustees, Police Pension Fund, Article II; Medical
Board, Police Pension Fund, Article II; and Director of
Personnel, City of New York, Defendants-Appellees.
 No. 1147, Docket 89-9211.
 United States Court of Appeals, Second Circuit.
 Argued April 11, 1990.
Decided July 2, 1990.
 
 John Patrick Rudden, New York City, for plaintiff-appellant.
 John Hogrogian, Asst. Corp. Counsel of the City of New York, New York City (Victor A. Kovner, Corp. Counsel of the City of New York, Pamela Seider Dolgow, Asst. Corp. Counsel of the City of New York, New York City, of counsel), for defendants-appellees.
 Before LUMBARD, FRIEDMAN** and MAHONEY, Circuit Judges.
 MAHONEY, Circuit Judge:
 
 
 1
 James McDarby appeals from an order of the United States District Court for the Southern District of New York, Kevin T. Duffy, Judge, denying his motion for partial summary judgment and granting defendants' cross-motion for summary judgment. McDarby contends on appeal, as below, that the initial failure and continued refusal of the Board of Trustees of the Police Pension Fund, Police Department of the City of New York (the "Board of Trustees" or the "Board") to decide the cause of his disability by a majority vote in accordance with section 13-216(b) of the New York City Administrative Code (Lenz & Riecker 1986) (the "Adm.Code") constitute a denial of due process actionable under 42 U.S.C. Sec. 1983 (1982). We disagree, and affirm the decision below.
 
 Background
 
 2
 McDarby is a former member of the New York City Police Department who was retired on an "ordinary disability" pension pursuant to Adm.Code Sec. 13-251. The alternative disability pension is the more favorable retirement for "accident disability" pursuant to Adm.Code Sec. 13-252. The prerequisites to ordinary disability are that the officer "is physically or mentally incapacitated for the performance of duty and ought to be retired," id. Sec. 13-251, while accident disability additionally requires that the incapacitation be "a natural and proximate result of an accidental injury" in the line of duty and "not the result of wilful negligence," id. Sec. 13-252.
 
 
 3
 Upon application by the police commissioner or the officer stating grounds for a disability retirement, a three-physician medical board (the "Medical Board"), see id. Sec. 13-223, conducts a medical examination and reports to the Board of Trustees. Id. Secs. 13-251, 13-252. If the Medical Board reports that the grounds for either an ordinary or accident disability retirement have been established, the Board of Trustees is apparently required to retire the officer in accordance with these findings. Id.[1]
 
 
 4
 The Board of Trustees consists of twelve members: four representatives of the municipal government whose weighted votes total six, and eight representatives of municipal labor organizations whose weighted votes total six. See Adm.Code Sec. 13-216(a). Furthermore, section 13-216(b), as pertinent here, provides that "every act of the board of trustees shall be by resolution which shall be adopted only by a vote of at least seven-twelfths of the whole number of votes authorized to be cast by all of the members of such board."
 
 
 5
 The police commissioner submitted a request to the Medical Board on October 27, 1985 that McDarby be examined to determine his fitness to perform police duty and to determine whether he was eligible for ordinary or accident disability retirement. After examining McDarby and reviewing his medical records, the Medical Board concluded that he should be retired, but on the basis of ordinary disability under section 13-251, rather than accident disability under section 13-252.
 
 
 6
 The Board of Trustees thereafter considered McDarby's retirement pension. The Board first voted on a resolution that he be retired for accident disability. The vote was six-to-six, and the motion was not adopted. The Board then voted on a resolution that he be retired for ordinary disability, which similarly resulted in a deadlock. Having failed to secure a majority vote on either resolution, the chairman of the Board then directed that McDarby be retired for ordinary disability, stating:
 
 
 7
 I direct that the Minutes indicate that since there has been a finding of disability, it is the duty of this Board to retire the subject officer. As Chairman, I direct his retirement to be effective as indicated above in view of the absence of a majority vote on the cause of such disability. Until the Board determines the cause of such disability, the subject officer is entitled to receive the retirement allowance for ordinary disability since this is the minimum to which he is entitled. (Matter of City of New York v. Schoeck, 294 N.Y. 559, 63 N.E.2d 104, Opinion of the Corporation Counsel, # 105,221[2] dated September 5, 1968). If this Board shall hereafter fix the allowance at more than such minimum amount, the subject officer shall be entitled to receive the excess from the date of his retirement.
 
 
 8
 McDarby subsequently filed an action in the United States District Court for the Southern District of New York pursuant to 42 U.S.C. Secs. 1983 and 1985 (1982). He contended that the procedures employed by the various defendants in denying him an accident disability pension contravened various provisions of the constitutions and laws of the United States and the State of New York, violating, inter alia, his "procedural and substantive due process and equal protection rights" thereunder. McDarby moved for partial summary judgment pursuant to Fed.R.Civ.P. 56, and defendants cross-moved for summary judgment. In a memorandum and order reported at 725 F.Supp. 151 (S.D.N.Y.1989), the district court denied McDarby's motion for partial summary judgment, granted defendants' cross-motion for summary judgment, and dismissed the complaint, concluding that "it cannot be said that the Board of Trustees' practice of retiring applicants on ordinary disability pensions following a deadlock vote violates acceptable and rational procedures required by due process for such determinations." 725 F.Supp. at 152.
 
 
 9
 On appeal, McDarby challenges the constitutionality of the procedure by which he was retired on ordinary disability, arguing that the Board's refusal to decide the cause of his disability by a seven-twelfths vote, as required by Adm.Code Sec. 13-216(b), constitutes a denial of due process actionable under 42 U.S.C. Sec. 1983. We consider only this contention.
 
 Discussion
 
 10
 To show a violation of section 1983, it must be proven that a person or persons acting under color of state law deprived a plaintiff of rights, privileges, or immunities secured by the constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420 (1981). McDarby contends that he has been denied a right provided by the fourteenth amendment because he has been deprived of a property interest without due process of law.
 
 
 11
 McDarby does have a protectible property interest in his city pension benefit. See Russell v. Dunston, 896 F.2d 664, 668-69 (2d Cir.1990); Winston v. City of New York, 759 F.2d 242, 247-49 (2d Cir.1985); Basciano v. Herkimer, 605 F.2d 605, 609 (2d Cir.1978), cert. denied, 442 U.S. 929, 99 S.Ct. 2858, 61 L.Ed.2d 296 (1979). Further, these defendants are amenable to suit under section 1983, see Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 690-91, 98 S.Ct. 2018, 2035-36, 56 L.Ed.2d 611 (1978); Campo v. New York City Employees' Retirement Sys., 843 F.2d 96, 99 (2d Cir.), cert. denied, 488 U.S. 889, 109 S.Ct. 220, 102 L.Ed.2d 211 (1988); Burtnieks v. City of New York, 716 F.2d 982, 986 (2d Cir.1983), and acted under color of state law, see Campo, 843 F.2d at 99; Kohl Indus. Park Co. v. County of Rockland, 710 F.2d 895, 899 (2d Cir.1983); Janusaitis v. Middlebury Volunteer Fire Dep't, 607 F.2d 17, 22 n. 8 (2d Cir.1979). The issue of procedural due process is thus squarely presented for decision.
 
 
 12
 The Board of Trustees' long-followed practice of provisionally granting an applicant ordinary disability status when the Board is deadlocked as to the cause of disability is based upon the ruling in City of New York v. Schoeck, 294 N.Y. 559, 63 N.E.2d 104 (1945), in which the New York Court of Appeals construed a comparable statute. In Schoeck, the court directed the board of trustees of the fire department pension fund, which had deadlocked six-to-six over the type of disability pension Schoeck was to receive, to retire him, and stated: "[U]ntil the board of trustees shall by resolution 'determine the cause' of the respondent's disqualification and fix the amount of the respondent's retirement allowance the respondent shall be entitled to receive payment from the pension fund of [the ordinary disability] retirement allowance." 294 N.Y. at 570, 63 N.E.2d at 109.
 
 
 13
 The court in Schoeck did not require the board of trustees to reach a majority decision, but implied that such a decision would be made in the future. Nevertheless,
 
 
 14
 [t]he procedure adopted by both the police and fire department pension funds' boards of trustees pursuant to Schoeck ... has been simply to retire applicants on ordinary disability pensions whenever the vote of the board of trustees is tied on applications for service-connected or line-of-duty disability pensions. Determinations as to the causation of the disability, which under Schoeck may be made at a later date, are in practice seldom if ever made at all. This procedure has been condoned by the New York courts.
 
 
 15
 Albenga v. Ward, 635 F.Supp. 660, 662 (S.D.N.Y.1986); see Caruso v. New York City Police Dep't Pension Funds, 72 N.Y.2d 568, 573, 535 N.Y.S.2d 349, 350, 531 N.E.2d 1281, 1282 (1988) ("When an application claiming accident disability is reviewed, a 6-6 tie vote of the Board results in a denial and the applicant is granted only ordinary disability benefits").
 
 
 16
 McDarby contends that his right to due process under the federal constitution is violated by the Board's failure to follow the applicable provisions of the Administrative Code to determine the level of disability pension to which he is entitled. Although we question whether the Board's actions satisfy the requirements of the Administrative Code, see supra note 1 and accompanying text, the Board's failure to adhere to those requirements does not, without more, constitute a deprivation of procedural due process under the federal constitution. This issue, which appears to be one of first impression in this circuit, has been addressed by other circuits.
 
 
 17
 A breach of procedural requirements does not create a due process violation unless an individual was "denied a fair forum for protecting his state rights." Atencio v. Board of Educ., 658 F.2d 774, 779-80 (10th Cir.1981); see also United States v. Caceres, 440 U.S. 741, 751-52, 99 S.Ct. 1465, 1471-72, 59 L.Ed.2d 733 (1979); Everhart v. Jefferson Parish Hosp. Dist. No. 2, 757 F.2d 1567, 1570-71 (5th Cir.1985) (hospital executive committee violates own rules; no due process violation); Bowens v. N.C. Dep't of Human Resources, 710 F.2d 1015, 1019-21 (4th Cir.1983) (peer group review committee violates own rules, but nonetheless provides constitutionally adequate hearing); cf. Costello v. Town of Fairfield, 811 F.2d 782, 784 (2d Cir.1987) (contract dispute does not give rise to cause of action under section 1983). Indeed, a contrary rule would bring within the scope of section 1983 myriad claimed violations of local laws, thus confusing the separate provinces of state and national laws that are central to our federal system. As the Supreme Court stated in Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 106, 104 S.Ct. 900, 911, 79 L.Ed.2d 67 (1984), "it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law."
 
 
 18
 The procedures employed by the Medical Board and the Board of Trustees in determining McDarby's pension eligibility closely parallel those we upheld as meeting the basic "notice" and "hearing" requirements of procedural due process in Basciano v. Herkimer, 605 F.2d 605 (2d Cir.1978). McDarby's complaint makes clear that the Medical Board physically examined him, received written submissions that were proffered on his behalf, reviewed his medical records, and reconsidered its original adverse determination upon his request. Due process requires no more. See Basciano, 605 F.2d at 609-11; see also Winston, 759 F.2d at 250 (citing Basciano ).
 
 
 19
 As was said in Goodrich v. Newport News School Bd., 743 F.2d 225 (4th Cir.1984):
 
 
 20
 When the minimal due process requirements of notice and hearing have been met, a claim that an agency's policies or regulations have not been adhered to does not sustain an action for redress of procedural due process violations. Atencio v. Board of Education of Penasco Independent School District, 658 F.2d 774 (10th Cir.1981); Bates v. Sponberg, 547 F.2d 325 (6th Cir.1976).
 
 
 21
 ....
 
 
 22
 ... The enforcement of state regulations, such as those existing in this case, is to be done through the state court system and not in an action under 42 U.S.C. Secs. 1981 and 1983, where no federal constitutional guarantees have been violated.
 
 
 23
 Id. at 227.
 
 
 24
 McDarby could have brought a proceeding under Article 78 of the New York Civil Practice Law & Rules, N.Y.Civ.Prac.L. & R. 7801-7806 (McKinney 1981 & Supp.1990). See Campo v. New York City Employees' Retirement Sys., 843 F.2d 96, 101-03 (2d Cir.), cert. denied, 488 U.S. 889, 109 S.Ct. 220, 102 L.Ed.2d 211 (1988); Giglio v. Dunn, 732 F.2d 1133, 1134 (2d Cir.), cert. denied, 469 U.S. 932, 105 S.Ct. 328, 83 L.Ed.2d 265 (1984).[3] The grant of an ordinary disability pension is reviewable on the merits in an Article 78 proceeding, and the denial of accidental disability benefits as a result of a tie vote can be set aside if the court concludes "that the retiree is entitled to the greater benefits as a matter of law." Canfora v. Board of Trustees, 60 N.Y.2d 347, 352, 469 N.Y.S.2d 635, 637, 457 N.E.2d 740, 742 (1983).
 
 
 25
 Finally, we note that the Article 78 remedy that is available to McDarby would not, under the circumstances here presented, provide a hearing to satisfy the requirements of procedural due process, as was the case in Campo, 843 F.2d at 101-03.[4] Rather, we hold that since McDarby has not been denied procedural due process, he states no claim under section 1983, and must therefore pursue in state courts his claim that state law has been misapplied.
 
 Conclusion
 
 26
 In accordance with the foregoing, the judgment of the district court is affirmed.
 
 
 
 *
 David N. Dinkins, Elizabeth Holtzman, and Lee P. Brown have been substituted as parties for Edward I. Koch, Harrison J. Goldin, and Benjamin N. Ward, respectively, pursuant to Fed.R.App.P. 43(c)(1)
 
 
 **
 Daniel M. Friedman, U.S. Circuit Judge for the Federal Circuit, sitting by designation
 
 
 [1]
 Section 13-251 provides that if the Medical Board reports a finding of ordinary disability to the Board of Trustees, the Board of Trustees "shall retire such member for ordinary disability." Similarly, section 13-252 provides that if the Medical Board certifies a finding of accident disability to the Board of Trustees, the Board of Trustees "shall retire such member for accident disability." In practice, however, as hereinafter described, tie votes by the Board of Trustees often preclude any affirmative determination as to ordinary or accident disability. We note that in this case, the Medical Board made an ordinary disability determination as to McDarby. Accordingly, literal compliance with section 13-251 would not improve his position
 
 
 [2]
 This opinion is actually numbered 106,221
 
 
 [3]
 Even though McDarby now may be barred from instituting an Article 78 proceeding, he cannot make a legitimate claim of due process violation if he had a reasonable time in which to seek Article 78 relief. See Campo, 843 F.2d at 102 n. 6; Giglio, 732 F.2d at 1135 n. 1. In any event, McDarby may also be able to pursue a state claim for breach of contract. See Campo, 843 F.2d at 103 n. 7
 
 
 [4]
 In the interests of completeness, we note further that if the administrative proceedings provided to McDarby had not satisfied due process, it is unlikely that a subsequent Article 78 proceeding would have cured the defect, as occurred in Campo. See Burtnieks, 716 F.2d at 988 ("decisions made by officials with final authority over significant matters, which contravene the requirements of a written municipal code, can constitute established state procedure" requiring predeprivation hearing)