Richard TOMISER, Plaintiff,

v.

BOARD OF TRUSTEES OF THE NEW YORK CITY FIRE DEPARTMENT, Article 1B Pension Fund, Fire Commissioner Carlos Rivera, New York City Fire Department, 1B Medical Board, Francis A. Pflum, Chairman, Defendants.

No. 94 Civ. 6534.

United States District Court, S.D. New York.

June 19, 1995.

Kliegerman & Friess, New York City (Rosemary Carroll, of counsel), for plaintiff.

Paul A. Crotty, Corp. Counsel of the City of N.Y., New York City (Anshel David, of counsel), for defendants.

### OPINION AND ORDER

BAER, District Judge:

Tomiser, a retired New York City firefighter, injured his back and was retired on Ordinary Disability Retirement ("ODR") rather than on Accidental Disability Retirement ("ADR"). Tomiser complains under 42 U.S.C. § 1983 that defendants deprived him of property—the more lucrative ADR—without due process by not permitting him to appear before the medical boards and trustees who determined his claim. Tomiser also asserts state claims which he originally brought in an Article 78 proceeding in the Supreme Court of the State of New York. Both sides moved for summary judgment. The principal issue presented is whether defendants' procedures for considering Tomiser's ADR application comport with the requirements of due process. For the reasons stated below, I find that they do, and I decline to exercise jurisdiction over the state law claims following dismissal of the § 1983 claim.

### Facts

Tomiser, now age 36, became a firefighter in 1979. He sustained line-of-duty back injuries in 1984, 1986, 1989 and 1990. In January 1991, a Fire Department Medical Committee found Tomiser unfit for fire duty due to disc disease. In July 1991, the 1–B Medical Board found him permanently disabled, but that his line-of-duty injuries neither caused his disabling condition, nor aggravated an asymptomatic condition. The 1–B Board recommended to grant Tomiser ODR and deny his ADR application.

In November 1991, the Trustees of the NYC Fire Department Pension Fund (members are half city and half union representatives) reviewed the 1–B Medical Board's findings and, by a tie vote, granted the ODR and denied the ADR. Tomiser commenced an Article 78 proceeding, which was stayed while the Trustees twice reconsidered their decision and the 1–B Board twice reconsidered its recommendation on remand. The result remained the same despite his counsel's submissions.

In formulating its recommendation, the 1–B Board reviews all medical and accident reports as well as the applicant's statements. The Board prepares a written report of its findings and a full review is made by the Trustees. This includes the Medical Committee's report, any other Fire Department records and the applicant's submissions.

### The Standard for Granting Summary Judgment Motions

Rule 56(c) of the Federal Rules of Civil Procedure requires me to grant summary judgment if the evidence demonstrates that "there is no genuine issue as to any material fact and [that] the moving party is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). The mere existence of disputed factual issues is insufficient to defeat a motion for summary judgment. *Knight v. United States Fire Ins. Co.*, 804 F.2d 9, 11–12 (2d Cir.1986), *cert. denied*, 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987). The disputed issues of fact must be "material to the outcome of the litigation," *id.* at 11, and must be supported by evidence that would allow "a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

### Discussion

■ This case is governed by *Basciano v. Herkimer*, 605 F.2d 605 (2d Cir.1978), *cert. denied* 442 U.S. 929, 99 S.Ct. 2858, 61 L.Ed.2d 296 (1979) and *McDarby v. Dinkins*, 907 F.2d 1334 (2d Cir.1990), in which the Second Circuit held that the ADR review procedures established by New York statute and followed by the City pension funds meet the requirements of the due process clause. *Basciano* applied the analysis set forth by the Supreme Court in *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), for determining whether an administrative adjudicatory process meets due pro-

cess standards. *McDarby* sanctioned procedures followed by the Police Pension Fund in denying a retired police officer's ADR claim. The procedures in *McDarby* were similar to the procedures followed here. There the Court found, as I find here, that the Medical Board conducted a physical examination, "received written submissions that were proffered on his behalf, reviewed his medical records, and reconsidered its original adverse determination upon his request. Due process requires no more." *Id.* at 1337. Tomiser has had ample opportunities to be heard through counsel and written submissions. The Board of Trustees twice remanded Tomiser's case to the 1–B Medical Board for further review; Tomiser's ADR application was, therefore, evaluated by the 1–B Medical Board on three separate occasions. Indeed, the 1–B Medical Board reviewed both the medical and other documentary evidence submitted by Tomiser in support of his application. Thus, Tomiser was not deprived of due process.

After dismissing plaintiff's only basis for Federal jurisdiction, his § 1983 claim, 28 U.S.C. § 1367(c)(3) permits me to decline to exercise supplemental jurisdiction over the state law claims. *See also United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966) ("Certainly, if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well."). The pendent state claims will be dismissed as the Supreme Court of the State of New York is well equipped to adjudicate them.

### Conclusion

The defendants' motion for summary judgment is granted. The § 1983 claim shall be dismissed with prejudice and the state law claims shall be dismissed for lack of jurisdiction.

**SO ORDERED.**