**Diane FLANNELLY, Plaintiff,**

**v.**

**BOARD OF TRUSTEES OF THE NEW YORK CITY POLICE PENSION FUND, ARTICLE II, and Howard Safir, Commissioner, New York City Police Department, Chairman, Defendants.**

**No. 97 CIV. 2167(CBM).**

United States District Court, S.D. New York.

June 11, 1998.

Rosemary Carroll, Carroll & Friess, New York, NY, for Plaintiff.

Marta B. Soja, Paul A. Crotty, Corp. Counsel of City of N.Y., New York, NY, for Defendants.

### *MEMORANDUM OPINION*

MOTLEY, District Judge.

Plaintiff, Diane Flannelly ("Flannelly"), commenced the above-captioned action on March 27, 1997 against defendants, the Board of Trustees of the New York City Police Pension Fund, Article II ("Board of Trustees"), and Howard Safir ("Safir"), pursuant to 42 U.S.C. § 1983. Flannelly alleges that defendants deprived her of retirement benefits in violation of her constitutional right to procedural due process.

On April 7, 1998, defendants filed a motion for summary judgment pursuant to FED. R. CIV. P. 56, arguing that their procedures for determining the scope of plaintiff's retirement benefits are consistent with the requirements of due process. For the reasons set forth below, defendants' motion for summary judgment is hereby granted.

## I. FACTS

Flannelly is a former member of the New York City Police Department. Flannelly began working for defendants as a police officer on November 7, 1979, and was promoted to detective on March 26, 1988. She retired in the rank of detective in March, 1997. Defendant Board of Trustees is an entity established pursuant to the Administrative Code of the City of New York ("Code"), Section 13–216. Defendant Safir is Commissioner of the New York City Police Department and Chairman of the Board of Trustees.

On February 9, 1992, while Flannelly was on duty performing a security inspection of the Intelligence Division of the Police Department, she tripped on exposed phone wires and fell face forward, hitting her head on the door frame and injuring her right knee. After this incident, Flannelly sought to be retired on Accidental Disability Retirement ("ADR").

According to the Code, members of the Police Pension Fund ("members") who become disabled might be entitled to receive Ordinary Disability Retirement ("ODR") or ADR. *See* N.Y.C. Admin. Code §§ 13–251 and 13–252. Pursuant to Section 13–251 of the Code, a member is entitled to receive ODR if the Medical Board of the Police Pension Fund ("Medical Board") examines the member and finds her to be permanently disabled. Pursuant to Section 13–252 of the Code, if it is found that a member's disability is the natural and proximate result of an accidental injury received in the line of duty, and is not the result of the member's willful negligence, the member might be entitled to retire on ADR instead of ODR.

The Medical Board must determine whether or not the member is disabled to the extent that she cannot perform her job duties. The Medical Board's determination of disability is binding on the Board of Trustees. Once the Medical Board makes this determination, the Board of Trustees must then determine whether or not the member meets the legal requirements to receive ADR benefits; that is, the Board of Trustees must determine if the incident giving rise to plaintiff's disability meets the legal definition of "accident" under §§ B18–43 of the Code.[1] Verbatim minutes of the deliberations of the Board of Trustees on the member's ADR application are made available to the member.

Flannelly submitted an application for ADR and underwent a physical examination by the Medical Board. The Medical Board reviewed Flannelly's medical records and determined that she was physically disabled from performing her job as a result of her injury.

After the Medical Board's determination, the Board of Trustees reviewed plaintiff's ADR application. During the Board of Trustees' deliberations, Flannelly was allowed access to the evidence being considered and was given the opportunity to submit additional evidence on her own behalf. During the initial deliberations on Flannelly's ADR application, the Board of Trustees only considered the evidence submitted by plaintiff herself. After the initial deliberations, the Board of Trustees informed Flannelly that it was going to table her ADR application to gather more information.

The Board of Trustees ultimately determined that Flannelly's injury did not constitute an "accident" under the Code, and thus Flannelly was not entitled to ADR. Therefore, Flannelly was retired on ODR effective March 31, 1997. After the Board of Trustees denied Flannelly's application for ADR, Flannelly was given a transcript of the Board of Trustees' deliberations.

Flannelly alleges that the process by which defendants consider an ADR application violates due process by failing to provide for: (1) a member's testifying at a hearing; (2) a written determination setting forth the factual finding on causation or the reason for

---

1. In *Lichtenstein v. Bd. of Trustees of the Police Pension Fund*, 57 N.Y.2d 1010, 1012, 457 N.Y.S.2d 472, 443 N.E.2d 946 (1982), the Court of Appeals of New York noted that the term "accident" is not specifically defined in the Code. However, the court went on to define accident as "sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact." The court noted that "not every line-of-duty injury will support an award of accidental disability retirement." *Id.* at 1011–12, 457 N.Y.S.2d 472, 443 N.E.2d 946.

denying the ADR application; and (3) a hearing after the vote on an ADR application.

For the reasons set forth below, this court rejects Flannelly's arguments and finds that defendants' procedures in considering an ADR application meet the requirements of due process.

## II. ANALYSIS

### A. Standards for Summary Judgment

According to the Federal Rules of Civil Procedure, summary judgment shall be granted if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). *See also Gallo v. Prudential Residential Services, Ltd. Partnership,* 22 F.3d 1219, 1224 (2d Cir.1994) (the court may only grant summary judgment when "no rational jury could find in favor of the nonmoving party").

The moving party has the burden of establishing a prima facie case demonstrating the lack of a genuine issue of material fact. Once the moving party meets this burden, the non-moving party has the burden of providing enough evidence to support a jury verdict in its favor. *See Anderson,* 477 U.S. at 249, 106 S.Ct. 2505. In considering a summary judgment motion, all of the facts must be viewed in the most favorable manner for the non-moving party. *See Heilweil v. Mount Sinai Hosp.,* 32 F.3d 718, 721 (2d Cir.1994).

### B. Elements of a Section 1983 Claim

To show that 42 U.S.C. § 1983 has been violated, the plaintiff must prove that a person or entity, acting under color of state law, deprived her of the rights, privileges or immunities guaranteed by the United States Constitution or federal law. *See Rendell–Baker v. Kohn,* 457 U.S. 830, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982).

### C. Due Process

■ The United States Constitution guarantees that an individual cannot be deprived of a property interest without due process of law. *See* U.S. CONST. amends. V, XIV. An individual's disability benefits or pension has been found to constitute such a property interest. *See Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 569, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); *McDarby v. Dinkins,* 907 F.2d 1334, 1336 (2d Cir.1990); *Basciano v. Herkimer,* 605 F.2d 605, 609 (2d Cir.1978). In order to ensure due process of law, an individual must be given notice and an opportunity to be heard. *See Mathews v. Eldridge,* 424 U.S. 319, 348, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976).

### D. Defendants' Procedures Meet Due Process Requirements

■ The court finds that, viewing all of the facts in the most favorable manner for Flannelly, defendants are entitled to summary judgment because the Second Circuit has held that their procedures for determining if a member should receive ADR meet the requirements of due process.

Flannelly claims that defendants' procedures violate due process because defendants failed to provide her with an appropriate opportunity to be heard, in that she was not allowed to appear at an evidentiary hearing regarding her disability benefits. However, as the Second Circuit has already ruled, appearance at a hearing is not necessary for an opportunity to be heard. *See Basciano v. Herkimer,* 605 F.2d 605 (2d Cir.1978). *See also Rosenthal v. Bd. of Trustees of the New York City Police Pension Fund,* 1998 WL 136506 (S.D.N.Y.1998); *Calzerano v. Bd. of Trustees of the Police Pension Fund,* 877 F.Supp. 161 (S.D.N.Y.1995).

Flannelly also claims that defendants' procedures violate due process because defendants fail to provide members with a written determination setting forth the factual finding on causation or the reason for denying the ADR application. However, members receive verbatim minutes of the meeting at which the Board of Trustees has considered the member's ADR application. The min-

utes are a comprehensive record of the Board of Trustees' deliberations on the member's ADR application. This court finds that the minutes of the Board of Trustees' deliberations sufficiently provide plaintiff with written notice of the reasons for the Board of Trustees' decision, and meet the demands of due process.[2]

Furthermore, the Second Circuit has found previously that the procedures of the Board of Trustees meet the requirements of due process. *See McDarby v. Dinkins,* 907 F.2d 1334 (2d Cir.1990); *Basciano v. Herkimer,* 605 F.2d 605 (2d Cir.1978). *See also Rosenthal v. Bd. of Trustees of the New York City Police Pension Fund,* 1998 WL 136506 (S.D.N.Y.1998); *Defillipo v. Bd. of Trustees of the New York City Police Pension Fund,* 1998 WL 3637 (S.D.N.Y.1998); *Tomiser v. Bd. of Trustees of the New York City Fire Dep't,* 889 F.Supp. 106 (S.D.N.Y.1995); *Calzerano v. Bd. of Trustees of the Police Pension Fund,* 877 F.Supp. 161 (S.D.N.Y.1995).

Thus, this court finds that defendants' procedures in considering plaintiff's ADR application meet the requirements of constitutional due process.

### E.  Plaintiff's Pendent State Law Claims

Pursuant to 28 U.S.C. § 1367(c)(3), the court hereby dismisses plaintiff's pendent state law claims.

### III.  CONCLUSION

For the reasons set forth above, defendants' motion for summary judgment is hereby granted in its entirety.

SO ORDERED.

---

**2.**  In an analogous situation, the Second Circuit has ruled in arbitration cases that written explanations of the arbitrator's decision are not required.  *See Willemijn Houdstermaatschappij v.* *Standard Microsystems Corp.,* 103 F.3d 9, 12 (2d Cir.1997) (noting that an arbitrator is not required to provide an explanation for her decision).