**Frederick J. DAVIS, Plaintiff–Appellant,**

v.

**Joseph GUARINO, Defendant–Appellee.**

No. 01–0226.

United States Court of Appeals, Second Circuit.

Dec. 16, 2002.

Frederick J. Davis, Dannemora, NY, for Appellant, pro se.

Julie Steiner, New York, NY, for Appellee.

PRESENT: F.I. PARKER, STRAUB, and RAGGI, Circuit Judges.

## SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT

MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 16th day of December, Two Thousand and Two.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said district court be and it hereby is AFFIRMED.

Plaintiff-appellant Frederick J. Davis, acting pro se, appeals from the August 17, 2001 order of the United States District Court for the Eastern District of New York (Raymond J. Dearie, *Judge*), dismissing his complaint under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.

We review the district court's dismissal of a complaint pursuant to Rule 12(b)(6) de novo. *See Cooper v. Parsky,* 140 F.3d 433, 440 (2d Cir.1998). In addition, pro se submissions are construed liberally and are treated as raising the strongest arguments that they might suggest. *Graham v. Henderson,* 89 F.3d 75, 79 (2d Cir.1996).

Davis argues that Joseph Guarino, the Deputy General Counsel of the New York State Department of Corrections, improperly failed to respond to his request for information "pertinent to [Davis's] preparation" of his criminal defense. Davis made his request pursuant to the New York Freedom of Information Law, N.Y.

Pub. Off. Law §§ 84–90, ("FOIL"), and Guarino's failure to respond operates as a denial of the request. Davis contends that this denial deprives him of due process of law under 42 U.S.C. § 1983.

Appellee Guarino moved to dismiss pursuant to Rule 12(b)(6), on the basis that Davis's claim raises no federal question and there is no diversity between the parties. Further, Guarino argues that the appropriate procedure for a FOIL challenge is a New York C.P.L.R. Article 78 proceeding.

Construing the appellant's brief liberally, we consider the possibility of a claim under 42 U.S.C. § 1983. When an alleged denial of liberty or property without due process is the result of an unauthorized random act of a state employee, the Fourteenth Amendment is not implicated if there is an adequate post-deprivation remedy for such a denial. *See Hellenic Am. Neighborhood Action Comm. v. City of N.Y.,* 101 F.3d 877, 880–81 (2d Cir.1996).

We have held on numerous occasions that an Article 78 proceeding is a perfectly adequate post-deprivation remedy. *See, e.g., Interboro Inst., Inc. v. Foley,* 985 F.2d 90, 93 (2d Cir.1993); *McDarby v. Dinkins,* 907 F.2d 1334, 1338 (2d Cir.1990). Because Guarino's denial of Davis's F.O.I.L. request amounts to a random unauthorized act of a state employee, and Davis has access to an adequate post-deprivation remedy, the district court dismissal was correct.

The judgment of the district court is AFFIRMED.