14-3958-cv
Coles v. Erie County

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of October, two thousand fifteen.

PRESENT:  JON O. NEWMAN,
           ROBERT D. SACK,
           CHRISTOPHER F. DRONEY,
              *Circuit Judges*.

-----------------------------------------------------------------------

GERALDINE COLES,

           *Plaintiff-Appellant*,

       v.                             No. 14-3958-cv

ERIE COUNTY, JOHN ANTHONY, MICHAEL REARDON, MARK WIPPERMAN, ROBERT KOCH,

           *Defendants-Appellees*,

ANTHONY REARDON,

           *Defendant*.

-----------------------------------------------------------------------

  FOR PLAINTIFF-APPELLANT:           RICHARD J. PERRY (Lindy Sue Korn, *on the brief*), Law Office of Lindy Korn PLLC, Buffalo, NY.

FOR DEFENDANTS-APPELLEES: MICHELLE PARKER, First Assistant County Attorney, *for* Michael A. Siragusa, Erie County Attorney, Buffalo, NY.

Appeal from a September 25, 2014 judgment of the United States District Court for the Western District of New York (Arcara, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Geraldine Coles, a former Sheriff's Deputy Female Escort at the Erie County Holding Center, appeals from a judgment of the district court denying her motion for summary judgment and granting Defendants-Appellees' motion to dismiss Coles's constitutional claims brought pursuant to 42 U.S.C. § 1983. Coles alleged that Defendants Erie County and various individuals employed thereby (collectively, "the County") violated her constitutional due process rights by failing to provide a pre-deprivation hearing in accordance with the procedures set forth in New York Civil Service Law Section 72 pertaining to disability leave prior to terminating her employment.[1] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted).

Coles's "constitutional claim depends on [her] having had a property right in continued employment" with the County; if such a right exists, Coles could not be deprived of it "without due process." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538 (1985). "Property interests are not created by the Constitution, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." *Id.* (quotation omitted). The parties do not dispute that Coles alleged a constitutionally protected property interest in her civil service appointment under New York law and that she therefore could not be terminated from that position without adequate process. *See Gilbert v. Homar*, 520 U.S. 924, 928-29 (1997).

---

[1] Coles's complaint also alleged constitutional violations under 42 U.S.C. §§ 1985 and 1986 that were dismissed by the district court and are not at issue on appeal.

Having "determined that the Due Process Clause applies, the question remains what process is due." *Loudermill*, 470 U.S. at 541 (quotation omitted). While the contours of the property interest are defined by an independent source such as state law, "[f]ederal constitutional standards rather than state statutes define the requirements of procedural due process." *Robison v. Via*, 821 F.2d 913, 923 (2d Cir. 1987). Thus, the question in a § 1983 suit claiming deprivation of a property interest without due process is not whether state procedural law was correctly followed or applied, but whether the process actually provided satisfies the requirements imposed by the Constitution. *See Loudermill*, 470 U.S. at 541 ("[O]nce it is determined that the Due Process Clause applies, . . . [t]he answer to th[e] question [of what process is due] is not to be found in the [state] statute."). States are indeed "free to create procedural safeguards that *exceed* the minimum required by the [C]onstitution," Pl.'s Br. 15, but a violation of those excess procedural safeguards does not itself give rise to a constitutional violation because constitutional and state law claims are not inherently coextensive. *Cf. McDarby v. Dinkins*, 907 F.2d 1334, 1337-38 (2d Cir. 1990) ("When the minimal due process requirements of notice and hearing have been met, a claim that an agency's policies or regulations have not been adhered to does not sustain an action for redress of procedural due process violations."); *Bolden v. Alston*, 810 F.2d 353, 358 (2d Cir. 1987) ("State procedural requirements do not establish federal constitutional rights. At most, any violation of state procedural requirements would create liability under state law . . . ." (citations omitted)).

Constitutional due process requires, prior to being deprived of a significant property interest such as permanent civil service employment: (1) "oral or written notice of the charges against [the employee]"; (2) "an explanation of the employer's evidence"; and (3) "an opportunity to present [the employee's] side of the story" and "to present reasons, either in person or in writing, why [the] proposed action should not be taken." *Loudermill*, 470 U.S. at 546; *see also Locurto v. Safir*, 264 F.3d 154, 174 (2d Cir. 2001). The facts set forth in Coles's complaint and the documents attached thereto do not plausibly suggest that those requirements were not met here. By letter dated October 21, 2011, the County informed Coles that she was being placed on an immediate involuntary leave of absence after she suffered a *petit mal* seizure while an inmate was under her supervision.[2] The County advised Coles that she could use accrued time during this leave and that she could return to work once a medical examination determined that she was fit to perform the duties of her position. By letter dated December 28, 2011, the County informed Coles that she would be placed on unpaid sick leave on January 11, 2012, and that she had a right to a hearing. By letter dated November 7, 2012, the County informed

---

[2] Coles does not allege that the County lacked cause to place her on the initial leave of absence after her seizure caused her to lose control of an inmate she was escorting, only that the County did not follow the procedural requirements set forth in New York Civil Service Law Section 72 in doing so.

3

Coles that she would be terminated effective December 7, 2012, due to her inability to perform the duties of her job because of a disability lasting more than a year. The County advised Coles of her right to "submit . . . information or reasons why you believe you should not be terminated," such as "that your absence has not been one continuous year or that you are medically cleared and able to return to your position with no restrictions." J.A. 29. The County's letter explained that "[i]f you do not submit any information or contact this office before December 7, 2012, your employment will be terminated." *Id.* Coles does not allege that she provided the County any such information or that she contacted the County or requested a hearing prior to her termination.

These letters were sufficient to notify Coles of the factual basis for the County's charges that she was unfit to perform her job duties, and to afford Coles an opportunity to respond to the County's charges and proposed termination of her employment. *See Loudermill*, 470 U.S. at 546. The district court properly dismissed Coles's due process claim.

We have considered Coles's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4