*Cullen v. Mello*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of May, two thousand twenty-four.

PRESENT:
> GUIDO CALABRESI,
> MICHAEL H. PARK,
> SARAH A. L. MERRIAM,
> > *Circuit Judges.*

---

**Justin Cullen,**

> *Plaintiff-Appellant,*

> v.                                    23-413

**Keith Mello,**

> *Defendant-Appellee.*

---

| FOR PLAINTIFF-APPELLANT: | GREGORY A. JONES, (Patrick Tomasiewicz, *on the brief*), Fazzano & Tomasiewicz, LLC, Hartford, CT. |
|---|---|
| FOR DEFENDANT-APPELLEE: | ASHLEY MESKILL, Assistant Attorney General, *for* William Tong, Attorney General of Connecticut, Hartford, CT. |

Appeal from a judgment of the United States District Court for the District of Connecticut (Bolden, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

The Police Officer Standards and Training Council ("POSTC") is a Connecticut state agency that licenses and regulates police officers. In late 2020, it refused to issue Officer Justin Cullen a professional license, or "certification," to which he claims he was entitled. POSTC contends that it was empowered to withhold Cullen's certification under Conn. Gen. Stat. § 7-291c, which bars police departments from hiring officers who have previously resigned while under investigation for "malfeasance." Cullen had previously worked for the Manchester Police Department, but resigned while under investigation for sexual assault.

Cullen first challenged POSTC's decision by filing an administrative appeal in state court, but the state court dismissed Cullen's claim for lack of subject matter jurisdiction. *See Cullen v. Police Officer Stds. & Training Council*, 2021 WL 2458369 (Conn. Super. Ct. May 21, 2021). So Cullen filed suit in federal court—this time against POSTC Chairman Keith Mello—alleging violations of his substantive and procedural due process rights. The district court granted summary judgment for Mello. Cullen now appeals. We assume the parties' familiarity with the facts, procedural posture, and issues on appeal.

We review a grant of summary judgment de novo. *See Victory v. Pataki*, 814 F.3d 47, 58 (2d Cir. 2016). We may affirm on any basis that finds "sufficient support in the record, including grounds not relied on by the district court." *Dean v. Univ. at Buffalo Sch. of Med. & Biomedical Scis.*, 804 F.3d 178, 189 (2d Cir. 2015) (quoting *Lotes Co. v. Hon Hai Precision Indus. Co.*, 753 F.3d 395, 413 (2d Cir. 2014)).

2

A.    Property Interest

The Due Process Clause protects against deprivations of life, liberty, or property without due process of law. *See* U.S. Const. amend. XIV, § 1. Those seeking to invoke its protection must "establish that one of these interests is at stake." *Graziano v. Pataki*, 689 F.3d 110, 114 (2d Cir. 2012) (quoting *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005)); *Zahra v. Town of Southold*, 48 F.3d 674, 680 (2d Cir. 1995).

Protected property interests "are not created by the Constitution," but "are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972). Applying this framework, we have held an interest in an occupational license may be protected, so long as a plaintiff can demonstrate a "legitimate claim of entitlement" grounded in established law. *See Spinelli v. City of New York*, 579 F.3d 160, 169 (2d Cir. 2009) (quoting *Roth*, 408 U.S. at 577). "[A] property interest in a license," then, "largely turns on whether the issuing authority lacks discretion to deny [it], i.e., whether the authority is required to issue it upon ascertainment that certain objectively ascertainable criteria have been met." *Ace Partners, LLC v. Town of E. Hartford*, 883 F.3d 190, 195 (2d Cir. 2018) (cleaned up). Conversely, interests in "possible future license[s]," or in existing licenses revocable in the state's discretion, cannot support a due process claim. *Spinelli*, 579 F.3d at 169.

Cullen argues that he has a protectable property interest in his POSTC certification card because the agency lacks discretion to withhold his certification after he fulfilled the regulatory requirements under Conn. Agencies Regs. § 7-294e-14(a). We agree. POSTC is empowered to create requirements for certification and to enforce those requirements. *See* Conn. Gen. Stat. § 7-

3

294d(b)-(c). And it has done so, mandating certain entry-level requirements and post-hire training programs. *See, e.g.*, Conn. Agencies Regs. §§ 7-294e-14(a); 7-294e-16; 7-294e-2(a). But neither POSTC's organic statute nor its regulations appear to require compliance with Conn. Gen. Stat. § 7-291c—the alleged basis for the denial at issue here. Mello identifies no source of discretion that might allow POSTC to deny Cullen his certification card. On the record before us, we thus conclude that the Due Process Clause protects Cullen's interest in his POSTC certification.

B.     Substantive Due Process

"Substantive due process protects against government action that is arbitrary, conscience-shocking, or oppressive in a constitutional sense, but not against government action that is incorrect or ill-advised." *Kaluczky v. City of White Plains*, 57 F.3d 202, 211 (2d Cir. 1995) (cleaned up). Nor does "substantive due process . . . entitle federal courts to examine every alleged violation of state law, especially ones that, while perhaps vexatious, are more routine than egregious." *Kuck v. Danaher*, 600 F.3d 159, 167 (2d Cir. 2010). Rather, "[s]ubstantive due process standards are violated only by conduct that is so outrageously arbitrary as to constitute a gross abuse of governmental authority." *Natale v. Town of Ridgefield*, 170 F.3d 258, 263 (2d Cir. 1999).

Cullen cannot meet this stringent standard. He claims that POSTC failed to follow proper procedure when it denied him his certification card. But such claims are properly the subject of state administrative law, not federal constitutional law. *See Harris v. Mills*, 572 F.3d 66, 76 (2d Cir. 2009) (a due process claim "based solely on violations of state regulations . . . is not actionable in federal court"); *see also Alfaro Motors, Inc. v. Ward*, 814 F.2d 883, 888 (2d Cir. 1987) ("Section 1983 is not a means for litigating in a federal forum whether a state or local administrative decision

4

was arbitrary and capricious."). POSTC's conduct, viewing the facts in the light most favorable to Cullen, is not so oppressive, conscience shocking, or outrageous as to violate the Due Process Clause. *See, e.g.*, *Kaluczky v. City of White Plains*, 57 F.3d 202, 211 (2d Cir. 1995).

C.  Procedural Due Process

When faced with a procedural due process claim, we "ask what process the State provided, and whether it was constitutionally adequate." *Zinermon v. Burch*, 494 U.S. 113, 126 (1990). Constitutional adequacy, however, is not determined by state-law procedural requirements. *See, e.g.*, *Tooly v. Schwaller*, 919 F.3d 165, 172 (2d Cir. 2019) ("In determining how much process is adequate, we look to federal constitutional standards rather than state statutes to define the requirements of procedural due process." (cleaned up)); *McDarby v. Dinkins*, 907 F.2d 1334, 1337-38 (2d Cir. 1990) ("When the minimal due process requirements of notice and hearing have been met, a claim that an agency's policies or regulations have not been adhered to does not sustain an action for redress of procedural due process violations." (quoting *Goodrich v. Newport News Sch. Bd.*, 743 F.2d 225 (4th Cir. 1984))). Instead, "[i]n determining how much process is due, a court must weigh (1) the private interest affected, (2) the risk of erroneous deprivation through the procedures used and the value of other safeguards, and (3) the government's interest." *Spinelli*, 579 F.3d at 170 (citing *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976)).

Under the well-established federal standard, there is ordinarily little question that due process requires notice and an opportunity to be heard. *See Kapps v. Wing*, 404 F.3d 105, 120 (2d Cir. 2005). And when official action is at issue, the government generally must hold a hearing *before* it deprives an individual of their property. *See, e.g.*, *Rivera-Powell v. N.Y.C. Bd. of Elections*, 470 F.3d 458, 465 (2d Cir. 2006). Those requirements were met here. On October 8,

5

2020, POSTC sent Cullen notice of its "preliminary" determination "that there exists a reasonable basis to withhold certification" because he "ha[d] not met eligibility requirements as required by Conn. Gen. Stat. 7-291c." App'x at 27. This notice informed Cullen that POSTC would hold a hearing on the issue, during which he would be provided an opportunity to be heard and to submit evidentiary submissions "relevant to" his entitlement to the certification card. *Id.* Cullen participated in that hearing on October 29, 2020, which lasted more than four hours. Cullen and his counsel had ample opportunity to be heard at the hearing, and indeed, Cullen does not argue otherwise. POSTC then declined to release Cullen's certification card.

Through this notice and hearing, POSTC provided Cullen constitutionally adequate predeprivation process. *See McKesson Corp. v. Div. of Alcoholic Beverages & Tobacco, Dept. of Bus. Regul. of Fla.*, 496 U.S. 18, 38 n.21 (1990). We thus affirm the District Court's grant of summary judgment to Mello.

*        *        *

We have considered the parties' remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6